### LUTZ v. BUCK et al.

### KORN v. SAME (two cases).

#### Nos. 5743, 5744.

Circuit Court of Appeals, Fifth Circuit.

May 6, 1930.

· Wm. R. McFeeters, of St. Albans, Vt., for appellants.

Harry B. Amey, U. S. Atty., of Burlington, Vt., and Allen Martin, Asst. U. S. Atty., of Essex Junction, Vt., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

W. H. Flippen and John T. Gano, both of Dallas, Tex., for appellants.

Alvin H. Lane and Felix D. Robertson, both of Dallas, Tex., J. Studebaker Lucas, of New Orleans, La., and Maurice J. O'Sullivan, of Kansas City, Mo., for appellees.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

These cases were argued and submitted together, present the same questions, and one opinion will cover both. Appellees (plaintiffs) in each case sued for damages growing out of an alleged infringement of copyrighted music, alleging that particular named pieces of music had been copyrighted and were owned by plaintiffs; that the defendants gave public performances for profit on dates named on defendants' premises, and derived large profits and income therefrom, and praying for damages in a sum not less than $250 and costs and attorneys' fees. The District Court rendered a judgment for $250 in each case and allowed attorneys' fees of $100 in each case, and this is the judgment appealed from.

The questions insisted upon by appellants are (1) the music claimed to have been played, being what is known as roll music and no notice of copyright showing thereon, and the manufacturers having paid to the owners of the copyright the proper fees as allowed by the act of Congress, there was no liability on this defendant for such infringement, and, if liability did exist, it was the liability allowed under section 1, subdivision (e), under the Copyright Act (17 USCA § 1(e), and (2) that the music played constituted popular music and fell under the final clause of section 25, subdivision (b) fourth of the Copyright Act (17 USCA § 25(b), par. 4), which allowed damages in the sum of $10 for every infringing performance.

These questions were decided adversely to the appellants in the cases of Berlin v. Daigle and Berlin v. Russo, 31 F.(2d) 832, by this court. It was there held that the failure of the owner of a musical copyright manufacturing phonograph records to file notice in the copyright office as required by the Copyright Act was no defense to an action for infringement of the right to perform a copyright work publicly for profit. This court also held that subdivision (1) (e) of section 25 was not the applicable legislation that governed damages for the infringement of a copyright for a public performance, and that subdivision (b) of section 25 of that act, providing for a $250 minimum limit for each such public performance for profit, was the applicable one, and this in spite of the fourth subdivision of section 25 (b), which provided the $10 penalty, relying upon Westerman Co. v. Dispatch Co., 249 U. S. 100, 39 S. Ct. 194, 63 L. Ed. 499. Since these cases were decided the cases of Buck v. Milam (D. C.) 32 F.(2d) 622; Buck v. Duncan (D. C.) 32 F.(2d) 366, and Dreamland Ball Room v. Shapiro (C. C. A.) 36 F.(2d) 354, have reached the same conclusion, which we see no reason to depart from.

The judgment in each of the cases is affirmed.