**STASNY MUSIC CORP., Plaintiff,**

**v.**

**SANTLY–JOY, Inc. and Specialty Records, Inc., Defendants.**

United States District Court
S. D. New York.

Feb. 19, 1957.

Howard N. Beldock, New York City, for plaintiff.

Abeles & Bernstein, New York City, for defendant Santly-Joy, Inc.

WEINFELD, District Judge.

This is a statutory action for infringement of a copyrighted song.[1] The defendant has pleaded in bar the plaintiff's failure to file a notice of use in accordance with § 1(e) of the Copyright Act.[2] Plaintiff moves to strike this defense as insufficient in law and defendant cross moves for summary judgment.

The action arises out of similarity of the titles of two songs. The plaintiff was the copyright owner of the song "Am I Wasting My Time on You"; the defendant was the copyright owner of the song "Am I Wasting My Time". In August, 1952 the defendant licensed Specialty Records, Inc., to record "Am I Wasting My Time" at a royalty of one cent per record. Specialty apparently through error did not record defendant's "Am I Wasting My Time" but instead recorded plaintiff's "Am I Wasting My Time on You". Specialty attributed copyright ownership to the defendant on each of the 39,040 records of "Am I Wasting My Time on You" it manufactured and remitted to the defendant the agreed upon royalty of $390.40. In September, 1953 plaintiff notified the defendant that Specialty had recorded its song attributing the copyright to the defendant. The defendant then tendered to the plaintiff the $390.40 which it had received from Specialty. This was refused by plaintiff, which then brought this action against the defendant and Specialty. Thereafter the defendant returned the $390.40 to Specialty which paid the full statutory royalty of two cents per record to the plaintiff.[3] The

1. 17 U.S.C. § 101.
2. 17 U.S.C. § 1(e).
3. See 17 U.S.C. § 1(e). "* * * whenever the owner of a musical copyright has used or permitted * * * the use of the copyrighted work for [recording] any other person may make similar use of the copyrighted work upon pay-

action was then marked settled and discontinued as against Specialty.

Prior to January 6, 1954, no notice of use was filed by either plaintiff or any of its predecessors in interest. Prior to August, 1952 they had licensed others to make recordings of the words and music of "Am I Wasting My Time on You". Section 1(e) of the Copyright Act provides in part that "it shall be the duty of the copyright owner, if he uses the musical composition himself in the manufacture of parts of instruments serving to reproduce mechanically the musical work, or licenses others to do so, to file notice thereof * * * in the copyright office, and any failure to file such notice shall be a complete defense to any suit, action, or proceeding for any infringement of such copyright." This Section appears to be a complete bar to this action for infringement by means of mechanical reproduction. To overcome the force of this Section plaintiff relies upon Standard Music Roll Co. v. F. A. Mills, Inc., 3 Cir., 241 F. 360, 363. In my view plaintiff has misinterpreted that case. It and similar cases merely hold that § 1(e) is not a bar where the infringement is by means other than mechanical reproduction such as printing the words or public performance of the copyrighted work.[4] They in no way detract from the plain meaning of § 1(e) and its purpose to prevent "monopoly or favoritism in granting the right to reproduce a musical work mechanically"[5] and to compel an owner to make the license public by forfeiting any claim for infringement unless he files notice of use. Since it is conceded that the plaintiff and its predecessors licensed various persons to reproduce mechanically the words and music of the copyrighted song and the complaint charges that the defendant "mechanically reproduced the said copyrighted musical composition",

ment to the copyright proprietor of a royalty of two cents on each [record] * * *."

4. Irving Berlin, Inc. v. Daigle, 5 Cir., 31 F.2d 832; Lutz v. Buck, 5 Cir., 40 F.2d 501.

the failure of plaintiff to file notice of use bars this action.

The plaintiff's motion to strike the defense as insufficient is denied and the defendant's cross motion for summary judgment is granted.

Settle order on notice.

5. Standard Musical Roll Co. v. F. A. Mills, Inc., 3 Cir., 241 F. 360, 363. See, also, Irving Berlin, Inc. v. Daigle, 5 Cir., 31 F.2d 832, 835.