**SAVAGE et al. v. LORRAINE (two cases).**

No. 10683.

Circuit Court of Appeals, Ninth Circuit.

March 30, 1945.

Rehearing Denied April 30, 1945.

Writ of Certiorari Denied June 18, 1945.

See 65 S.Ct. 1578.

Earl C. DeMoss, of Los Angeles, Cal., Ray C. Dumett, of Seattle, Wash., and A. J. O'Connor and Cantillon & Glover, all of Los Angeles, Cal., for appellant John E. Savage.

Earl C. DeMoss, of Los Angeles, Cal., Ray C. Dumett, of Seattle, Wash., and A. J. O'Connor, of Los Angeles, Cal., for appellant Lorraine Co.

Harry J. McClean, of Los Angeles, Cal., for other appellants.

Oliver O. Clark and Robert A. Smith, both of Los Angeles, Cal., for appellee David G. Lorraine.

H. P. Babson and Mark L. Herron, both of Los Angeles, Cal., for appellee Lawrence F. Baash.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In this suit, which was for declaratory relief, the trial court adjudged that a block of stock in the Lorraine Corporation, comprising 550,472.65 shares, was the property of appellee David G. Lorraine, and that appellant Savage holds the shares in trust for Lorraine. It was adjudged that upon the repayment to Savage of certain sums of money Lorraine is entitled to the shares. The court retained jurisdiction of the suit for the purpose of carrying its judgment into effect by means of an accounting or receivership, if that should prove necessary. A receiver for the Lorraine Corporation was later appointed; and the case is here on appeal from the receivership order and orders collateral thereto, as well as from the judgment.

In respect of the main appeal the questions presented are purely factual. Appellant [1] insists that the action is grounded in fraud, and that the showing of fraud fell short of being "clear, convincing and unequivocal." Appellee denies that this is a fraud action, contending it is grounded in breach of contract. Assuming that this difference of opinion as to the nature of the suit has some bearing on our powers of review, which is more than doubtful, we agree with appellee. Accordingly we are obliged to accept the findings of the trial court unless they are clearly erroneous.

Appellant, who acquired the shares from a third person, claims to have purchased them for himself. On the other side it is claimed that the stock was acquired for Lorraine pursuant to an agreement whereby appellant was to be reimbursed for his outlay and was to receive 50,000 shares of the corporation, free and clear of any encumbrance. For the most part the showing on either side was oral although there is documentary evidence of consequence bearing upon the controversy. This evidence consists of an inartificially drafted contract at least strongly corroborative of appellee's position, and a letter which on its face supports the position taken by appellant. Neither writing is conclusive; so that in the final analysis the problem boils down to a question of the credibility of the parties and of the witnesses who in one way or another participated in the transaction. The testimony of several of the latter is corroborative of appellee.

An analysis of the testimony would serve no purpose other than to encumber the reports. The court below heard the witnesses and had opportunity to judge their credibility, an opportunity we do not share. Appellant argues that appellee estopped himself by his conduct from claiming ownership of the stock, but the proof lacks elements essential to estoppel. And once the findings are accepted, as we are satisfied they must be, there is nothing inequitable in the judgment.

The receivership orders are a matter of secondary consequence, and our disposition of the main appeal renders them of little more than academic interest to appellant. In any event, on the showing made, the appeals predicated on these orders are without merit.

Affirmed.

---

[1] Reference to Savage is intended where the term "appellant" is used.