272

SAVAGE et al. v. YANKWICH,
District Judge, et al.
No. 11125.

Circuit Court of Appeals, Ninth Circuit.
Dec. 17, 1945.

Earl C. Demoss, of Los Angeles, Cal., Ray Dumett, of Seattle, Wash., and A. J. O'Connor and Cantillon & Glover, all of Los Angeles, Cal., for appellants.

Oliver O. Clark and Robert A. Smith, both of Los Angeles, Cal., for appellees.

Before DENMAN and HEALY, Circuit Judges.

PER CURIAM.

Petitioner Savage seeks a writ of mandamus to require the district court to set aside its order respecting compliance with our opinion and decision in the appeal in this case (Savage v. Lorraine, 148 F.2d 818) on the ground that the order is in violation of that decision.

On that appeal we affirmed the judgment of the district court which held, inter alia, that upon the tender by Lorraine to Savage of the sum of $14,275, Savage was to have delivered to him a certificate for 50,000 shares of stock of the Lorraine Corporation, being a part of 600,472.65 shares standing in Savage's name. The balance of 550,472.65 was to be transferred to Lorraine.

On January 13, 1944, after the judgment of the district court, there was tendered on Lorraine's behalf to Savage $14,275 which Savage refused on the ground that it was Lorraine's money on which there was a tax lien in excess of that amount. Thereupon a cashier's check was purchased with these funds and handed to the clerk of the district court to be held as belonging to Savage. Savage, pursuant to the order of the court, deposited with the clerk the certificates for the 600,472.65 shares in the Lorraine Corporation above described.

On June 30, 1945, four days after our mandate was spread upon the records of the district court, that court, ex parte, ordered the clerk of that court to endorse Savage's name on the certificates of stock in the Lorraine Corporation issued in Savage's name and have 50,000 shares reissued to Savage and the balance issued in Lorraine's name to comply with the affirmed judgment. It further ordered the delivery of the certificate for 550,472.65 shares to Lorraine and that for 50,000 shares to Savage, the latter with the check for $14,275.

Upon motion of Savage for relief from the order, he contended that a tax lien existed on the $14,275 because it was the money of Lorraine and on also the 50,000 shares of stock standing in his own name. The court with both Savage and Lorraine participating, upon the evidence adduced found:

"* * * that the United States of America does not have and has not had at any time any lien upon or any right to any of the 50,000 shares of the capital stock of The Lorraine Corporation, a corporation, now evidenced by Certificate No. 61 A issued by the clerk of this court pursuant to an order of this court in the name of said John E. Savage or upon or to the cashier's clerk No. 448072, drawn on the Union Bank and Trust Company of Los Angeles, California, dated January 14, 1944, and payable to said John E. Savage in the sum of $14,275.00, or upon or to any of the money represented by said check, and that said John E. Savage is and at all times since his purchase of said 50,000 shares of stock, together with an additional 550,472.65 shares of stock as more particularly set forth in the findings of fact and conclusions of law and judgment herein, has been the owner of said 50,000 shares of stock * * *."

We have examined the evidence upon which this finding is made and hold that it warrants the inference that the $14,275 tendered Savage was not the money of Lorraine but the money of a friend of Lorraine's upon which the government had no tax lien, and that the 50,000 shares of stock in the Lorraine Corporation of which the certificate was ordered to be delivered to Savage had never been Lorraine's and hence never subject to the claimed tax lien.

The order of the district court is valid and properly executed the judgment we affirmed on the appeal.

The petition for writ of mandamus is denied.