## OVERMAN v. LOESSER.
### No. 13159.

United States Court of Appeals
Ninth Circuit.
June 26, 1953.

Rehearing Denied Aug. 5, 1953.

522

Fred H. Miller, Los Angeles, Cal., for appellant.

George W. Cohen, Beverly Hills, Cal., Harry L. Gershon and Herman F. Selvin, Los Angeles, Cal. (Loeb & Loeb, Los Angeles, Cal., of counsel), for appellee.

Before STEPHENS and POPE, Circuit Judges, and McCORMICK, District Judge.

STEPHENS, Circuit Judge.

"On a Slow Boat to China", words and music by Frank Loesser, was copyrighted, published, and placed on the market by Susan Publications, Inc., in 1948. It enjoyed a considerable commercial success. Robert E. Overman heard "Slow Boat" and noted what he believed to be a similarity between the Loesser tune and the song "Wonderful You" for which he [Overman] had written the music, and Mrs. Betty Hawes the words, and on which they had received an unpublished copyright in January, 1947.

Overman obtained an assignment of Miss Hawes' interest in the composition "Wonderful You" and brought suit against Loesser for an injunction against the publishing of "Slow Boat" and for damages resulting from Loesser's alleged infringement of Overman's copyright. Title 17 U.S.C.A. § 101.

The cause came to trial before the judge without a jury. Overman introduced evidence that he, together with Miss Hawes, had composed "Wonderful You" in the fall of 1946; together they had obtained a copyright thereon in January, 1947; he had met Loesser in January, 1947; Loesser had invited Overman to submit some songs for consideration; Overman had sent a piano arrangement of "Wonderful You" to Loesser's New York office in January, 1947; Miss Hawes was told by Loesser's secretary in response to an inquiry made in May, 1947, that Loesser had "Wonderful You" on his desk; Overman's music was returned to him without comment or explanation in May, 1947; Loesser obtained an unpublished copyright on "Slow Boat" in May, 1948; "Slow Boat" was published, and a published copyright was obtained in September, 1948.

In his defense, Loesser introduced evidence that he had composed "Slow Boat" in November, 1945. The trial court found that "Slow Boat" had in fact been composed in 1945, i. e., a year and one-half prior to the time Loesser received a copy of Overman's song, and about one year prior to the time "Wonderful You" was written. It concluded therefrom that "On a Slow Boat to China" was not in any way an infringement of the copyright on the musical composition "Wonderful You". Overman appealed.

█ Ordinarily, where there is a dispute as to fact which must be resolved from the conflicting testimony of witnesses, the findings, of the trial judge who had the opportunity to observe the demeanor of the testifying witnesses and thus to judge their credibility, are conclusive upon appeal unless clearly erroneous. Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A.; United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525, 92 L.Ed. 746.

Appellant challenges the court's findings as clearly erroneous. He bases his attack upon the ground that the court reached its decision by applying an incorrect theory of the law, namely, the court's finding that "Slow Boat" was composed prior to "Won-

derful You" was based upon a mere preponderance of the evidence, whereas, in appellant's view, prior composition may prevail as a defense only when proved by evidence that is "clear and convincing or beyond reasonable doubt" in the circumstance where there is evidence of "access" by the defendant to the allegedly infringed song and "similarity" between the involved songs. Appellant urges that his proffered rule is controlling especially when "access [is] gained through circumstances creating an implied confidential relationship."

In its memorandum opinion which was filed, the court found access and similarity. The principal question before us is whether the court erred in failing to require that the appellee prove prior composition "beyond a reasonable doubt".

Appellant relies principally upon Hoeltke v. Kemp, 4 Cir., 1935, 80 F.2d 912, to support his argument. In that case the court said: "It is well settled that where an unpatented device, the existence and use of which are proven only by oral testimony, is set up as a complete anticipation of a patent, the proof sustaining it must be clear, satisfactory, and *beyond a reasonable doubt*. [Citing cases.] And we think the same rule should be applied against one who admittedly receives a disclosure from an inventor, proceeds thereafter to manufacture articles of similar character, and, when called to account, makes answer that he was using his own ideas and not the ideas imparted to him." [Emphasis ours.] 80 F.2d at page 923.

However, on rehearing, the same court stated its position in different language which we quote and to which we shall later advert: "One who invites the disclosure of an invention, and thereafter begins to manufacture articles embodying the principle of the disclosure, labors under a heavy burden when he seeks to justify his action on the ground of independent invention, and he ought to offer something of greater weight than the verbal testi-

mony of interested witnesses." Hoeltke v. Kemp, supra, 80 F.2d at page 928.

The above quotations were recently repeated with approval in Ackermans v. General Motors Corp., 4 Cir., 1953, 202 F.2d 642, 646.

■ We believe that the broad statement as to proof "beyond a reasonable doubt" must be read in connection with the court's statement on rehearing and should be considered modified thereby. We agree with the modification expressed in the opinion on rehearing, i. e., the evidence of access by the defendant to plaintiff's ideas, coupled with the subsequent release by defendant of a product bearing noteworthy similarity to plaintiff's ideas, should be considered as strong and persuasive evidence of copying which requires the defendant to counter with strong convincing and persuasive evidence to the contrary to refute the inference of copying. Mere denial without substantial support would not ordinarily be thought sufficient by the trier of fact.

■ The burden of proof, i. e., the risk of non-persuasion, remains on the plaintiff throughout the presentation of the case, unless it is declared to be elsewhere by statute or practice. In a suit for copyright infringement the plaintiff must prove that his copyrighted composition has been copied by the defendant,[1] that is, he has the burden of establishing the requisites of the case.[2] The plaintiff may, however, create an inference of copying by establishing access to the allegedly infringed work by the defendant and similarity or identity between the disputed works.[3] But, although there is evidence in the case from which an inference of copying could be drawn, the defendant may rebut it by proof of his prior composition. Since proof of prior composition requires an affirmative offering of evidence by the defendant, there occurs what may be referred to as a shift in the duty of "going forward". As Wigmore expresses it, when "the proponent

1. Harold Lloyd Corp. **v.** Witwer, 9 Cir., 1933, 65 F.2d 1, 4; Twentieth Century-Fox Film Corp. v. Stonesifer, 9 Cir., 1944, 140 F.2d 579, 581; Arnstein v. Edward B. Marks Music Corp., 2 Cir., 1936, 82 F.2d 275.

2. Frankel v. Irwin, D.C.S.D.N.Y., 1918, 34 F.2d 142, 143; Oxford Book Co. v. College Entrance Book Co., 2 Cir., 1938, 98 F.2d 688, 692.

3. Arnstein v. Porter, 2 Cir., 154 F.2d 464, 468

has been able * * * to adduce evidence which if believed would make it beyond reason to repudiate the proponent's claim * * * unless the opponent now offers evidence against the claim and thus changes the situation, the [trier of facts] should not be allowed to render a verdict against reason,"[4] i. e., against the evidence. And the stronger the prima facie case established by the plaintiff, the correspondingly more persuasive must the evidence be in rebuttal.

Appellant, in the instant case, gave evidence of access and of similarity and the court credited it over appellee's evidence to the contrary. Without more, a presumption of copying could reasonably have been found. However, appellee offered evidence of prior composition through the testimony of disinterested witnesses. Although, as the court stated, some of the testimony as to prior composition strained its credulity, it also said there was sufficient other credible evidence on this point.

The burden of proving plagiarism remained at all times on the plaintiff. The defendant fulfilled its duty of going forward by offering evidence of prior composition, which if believed would make a finding of copying untenable. Defendant's evidence of prior composition was duly weighed by the trial court against the inference of copying which could logically be drawn from the evidence of access and similarity. The trial court was convinced, despite the evidence of access and similarity, that "Slow Boat" had been composed prior to the time when defendant had had access to "Wonderful You". Since the finding involved the credibility of witnesses, and since it is supported by substantial evidence, it is conclusive upon appeal. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. And the finding that "Slow Boat" was composed prior to "Wonderful You" supports the conclusion

that appellee did not copy from appellant's song.

Appellant strongly attacks the oral testimony of the witnesses. It is too well established as a rule of law to require further discussion that the question of credibility is for the trial court.[5]

An expert witness, testifying in appellant's behalf, was asked by attorney for appellant:

"Q. What would you say as to the likelihood of Exhibit 1[6] and Exhibit 10[7] being independently composed by two separate musicians?"

This question was objected to upon the following grounds:

" * * * [W]e object upon the ground that it calls for the opinion of the witness on a matter not the subject of expert testimony, argumentative and invades the province of the court."

We think the court did not commit error in sustaining this objection. It was a matter of the court's discretion and we think it took the more desirable course by confining the expert's opinion to definite facts in the case, rather than receiving his application of them.

The question of the propriety of the court's refusal to permit appellant to join Mr. Buddy Morris as a party-defendant under Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A., is rendered moot by the decision in favor of defendant.

Appellee, as the prevailing party, asks this court to award him attorney fees as we are authorized to do in our discretion under Title 17 U.S.C.A. § 116.[8] The case was hard fought. There is no indication that the appeal was pursued in bad faith. And the principal question before us presented a complex question of law.[9] Accordingly we decline to award attorney fees as part of appellee's costs.

Affirmed.

4. IX Wigmore, § 2487, p. 280.
5. Wittmayer v. United States, 9 Cir., 1941, 118 F.2d 808, 811; Savage v. Lorraine, 9 Cir., 1945, 148 F.2d 818, 819.
6. "Wonderful You."
7. "On a Slow Boat to China."
8. Buck v. Bilkie, 9 Cir., 1933, 63 F.2d 447.

9. Cf. Official Aviation Guide Co. v. American Aviation Associates, 7 Cir., 1947, 162 F.2d 541. See, also, discussion of similar provisions in Title 35, Patents, U.S.C.A. § 70, now § 285, in Park-In-Theatres v. Perkins, 9 Cir., 1951, 190 F. 2d 137, 142.