**JOHN L. PERRY STUDIO, INC., John L. Perry, Plaintiffs-Appellants,**

**v.**

**Marvin WERNICK, Marvin Wernick Co., Theodore Williams, Star Crest of California, Ruth Sloan Co., Inc., Defendants-Appellees.**

**Nos. 76–2679, 76–2694.**

United States Court of Appeals, Ninth Circuit.

June 4, 1979.

---

Luis Carlos De Castro, Troy & Malin, Los Angeles, Cal., for plaintiffs-appellants.

George C. Halversen, Los Angeles, Cal., for defendants-appellees.

Before ELY and TRASK, Circuit Judges, and SOLOMON,* District Judge.

\* Honorable Gus J. Solomon, Senior United States District Judge, District of Oregon, sitting by designation.

1. Perry registered, with the Register of Copyrights, for copyright protection, pursuant to 17 U.S.C. §§ 1 *et seq.*, four "stylised [sic] sculpture[s] of . . . seagull[s]" in various postures of flight and received certificates of copyright, identified and dated as follows:

(a) Certificate No. 84929, dated April 27, 1973;

(b) Certificate No. 84930, dated April 27, 1973;

(c) Certificate No. 84932, dated April 27, 1973;

(d) Certificate No. 84933, dated April 27, 1973.

2. The trial court's Finding of Fact Number 7 reads as follows:

7. The accused birds are very similar in size, texture and appearance to the Perry birds that are covered by the copyright regis-

ELY, Circuit Judge:

Appellants, John L. Perry and John L. Perry Studio, Inc., appeal from a judgment of the District Court following a trial without jury, which held that the manufacture and distribution by the appellees of certain seagull sculptures did not infringe upon appellants' copyrighted seagull creations nor constitute unfair competition with the appellants. We affirm.

Both the copyrighted Perry sculptures[1] and the alleged infringing sculptures, created by Williams, one of the appellees, depict seagulls in various postures of flight, mounted by wire to pieces of driftwood or rock. Both are molded of a similar white plastic material and are of approximately the same size and shape. It is unchallenged that the copyrighted sculptures were created and distributed prior in time to the creation and distribution of the accused birds. Considerable evidence, however, was presented to the trial court that indicated that a progenitor of the accused birds, also made by Williams, existed for some time before Perry created his seagulls.

■ The ultimate legal conclusion of the District Court, that appellees had not infringed upon the Perry copyright, was based upon the court's factual finding that the Williams sculptures had been independently created.[2] We do not accept appel-

trations. However, the court finds that the accused birds were independently created by Williams, rather than having been copied from the Perry birds, for the following reasons:

(a) The Court was impressed with Mr. Williams' testimony as to the steps that he took in fashioning the wax model (Exhibit FB) from which the accused birds were molded.

(b) This testimony was fully consistent with, and tended to be confirmed by, the testimony of both experts and the other evidence presented at the supplemental proceedings.

(c) The accused bird shows characteristics similar to other birds created earlier by Williams, thus suggesting a "common heritage." A principal example of such characteristics is a somewhat unusual "S" shaped or "swayback" configuration in the body.

(d) Although the Perry birds and the accused bird are closely similar in dimension, they are not exact, and some portions of the

lants' argument that the District Court placed an impossible burden upon them to disprove appellees' contention that there had been an independent creation of the Williams seagulls. Our examination of the record convinces us that the District Court correctly shifted the burden of persuasion to the alleged infringers, requiring them to show that the Williams seagulls were independently created once the appellants had successfully established a *prima facie* case of infringement. *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 721 (9th Cir. 1976) ("If a plaintiff offers proof that the defendant had 'access' to his work and that the two works are substantially similar, then a presumption of copying by the defendant arises.").

Appellants erroneously characterize the foregoing burden of persuasion, the burden required to rebut the presumption of copying, as one of going forward with "clear and convincing" or "strong, convincing and persuasive evidence". The appellants base their argument upon dictum contained in *Overman v. Loesser*, 205 F.2d 521 (9th Cir. 1953), *cert. denied*, 346 U.S. 910, 74 S.Ct. 241, 98 L.Ed. 407 (1953). This same contention by the appellants was expressly rejected by our court in *Granite Music Corp. v. United Artists Corp., supra*. There we characterized a similar argument based upon the *Overman* dictum as "an erroneous statement of law" and a "faulty interpretation". *Id.* at 722. We held that the "strong, convincing and persuasive evidence" standard suggested in the *Overman* dictum was an erroneous injection of a patent law axiom into copyright cases. *Id.* at

723. We did, however, quote with approval the following language from *Overman* :

> Since proof of prior composition [or here, independent creation] requires an affirmative offering of evidence by the defendant, there occurs what may be referred to as a shift in the duty of "going forward". As Wigmore expresses it [IX Wigmore 2487, p. 280], when "the proponent has been able * * * to adduce evidence which if believed would make it beyond reason to repudiate the proponent's claim * * * unless the opponent now offers evidence against the claim and thus changes the situation, the [trier of facts] should not be allowed to render a verdict against reason," i. e., against the evidence. And the stronger the prima facie case established by the plaintiff, the correspondingly more persuasive must the evidence be in rebuttal.

*Overman, supra*, 205 F.2d at 523–24, quoted in *Granite Music Corp. v. United Artists Corp., supra*, 532 F.2d at 723.

We then held:

> We believe the above statement . . to be the holding of the *Overman* case as to the burden of proof, and the language relied on by the defendants to be only dictum. In *Overman* the plaintiff prevailed and the decision on appeal sustained the finding that the defendant did not copy from plaintiff's song. Thus the evidence presented by the defendant *was more persuasive* and overcame the inference of copying.

The language of the opinion that the burden is on the alleged infringer to answer with "strong, convincing and per-

---

accused bird are thicker than the Perry birds, thus tending to negative the contention that both came from the same mold.

(e) Although the accused bird is closely similar in appearance to the Perry birds, there is an even closer similarity between the latter and the birds earlier created by Perry, which he referred to as sea birds and steadfastly refused even to acknowledge as seagulls. See, for example, Exhibit 103. The fact that the copyrighted birds were created independently from the closely similar Exhibit 103 underlines the possibility of the less similar accused birds also having been independently created.

(f) The Perry birds and the accused birds are closely similar to the appearance of actual seagulls in flight, on the basis of casual observation. This is particularly true in silhouette or at a distance, when eyes and feet are scarcely visible and the illusion of an all white appearance is strong. It is not hard to envisage the possibility of the copyrighted birds and the accused birds both having been derived independently of each other.

(g) There is no indication in the record that Williams had access to the Perry birds prior to January 1974, when he bought one of such birds from Marjorie C. Bess at her shop.

suasive evidence" to refute the inference of copying has not worked its way into copyright law.

*Id.* at 723–24 (emphasis added).

As to appellants' contention that the District Court's findings of fact in support of its conclusion that Williams independently created his seagulls were "clearly erroneous", we do not agree. The trial court's determinations were based upon an evaluation of conflicting testimony presented not only by the interested parties, but also by disinterested expert witnesses as well. The learned trial judge also had the opportunity to examine, at first hand, the various sculptures introduced as exhibits and several wax molds of the type used to make the sculptures. After carefully weighing this evidence and the credibility of the witnesses, the District Court entered judgment for the appellees. Finding no reason to disturb that judgment, we consider ourselves without appropriate power to do so.

We likewise find appellants' argument challenging the sufficiency of the evidence on the unfair competition claim to be without merit.

AFFIRMED.