**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-50498**
**Lower Ct. No. SA-98-CV-477**
**Summary Calendar**

_____

**KINDER BROTHERS LUMBER AND SUPPLY COMPANY, INC.,**

**Plaintiff-Appellant,**

**versus**

**ASSURANCE COMPANY OF AMERICA,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
_____

February 29, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Kinder Brothers sued Assurance for breach of contract, bad faith, DTPA violations and Insurance Code violations. The claims arise from Assurance's denial of coverage for costs that Kinder Brothers incurred in replacing defectively-installed wood flooring and for alleged misrepresentations of coverage made by Assurance employees. The district court granted summary judgment for the defendant. Agreeing that no genuine issue of material facts exists, we affirm.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Kinder Brothers was the general contractor in the construction of a residence for Dr. Jacob and Dolly Dreszer. Kinder Brothers subcontracted the floor work to Carpet Max, who in turn subcontracted with IB Wood Floors for the job.

In January 1997, after the floors had been installed but before they had been finished, the Dreszers discovered that certain areas of the floor made a "popping" sound when walked upon. Kinder Brothers then made a claim under its commercial general liability policy issued by Assurance seeking reimbursement for the cost of replacing the flooring.

An engineer hired to determine the cause of the problem determined that the popping noise was caused by loose screeds, which were the result of an inadequate adhesive that had been applied to the underside of the screeds. Kinder Brothers attempted to repair isolated areas of the floor; however, additional "popping" occurred thereafter in other areas of the floor. The engineer then advised Kinder Brothers that the only way to guarantee that the problem was fixed was to remove and replace all of the wood floors. In early February 1997, Kinder Brothers had the floor torn up and ordered wood and other materials to replace the floor.

Besides making a claim on its insurance policy, Kinder Brothers also hired an attorney to seek reimbursement from Carpet Max, the subcontractor. As of March 1997, Carpet Max and Kinder Brothers were in the midst of negotiations – in fact, Carpet Max had made an offer of some kind – when Jim Jonas, the claims adjuster hired to assist in the investigation of the claim, told

2

Kinder Brothers to "get his numbers together" because "we have some coverage here." In April 1997, Mr. Jonas told Kinder Brothers to tell their lawyer to hold off on their claim against Carpet Max. Kinder Brothers did so. After Assurance denied Kinder Brothers's claim in October 1997, Kinder Brothers restarted its negotiations with Carpet Max and the other subcontractors.

Kinder Brothers brought suit against Assurance seeking damages for breach of contract, bad faith, and violations of the DTPA and Insurance Code. Assurance moved for summary judgment, arguing that the policy excludes coverage and that the alleged misrepresentations did not prejudice Kinder Brothers. The trial court agreed with Assurance and granted summary judgment.

On appeal, Kinder Brothers argues that the "business risk" policy exclusion relied on by Assurance does not apply because: (1) the property damage did not arise out of the work being performed at the time the damage manifested itself; (2) the property damage occurred after the floor had been installed; and (3) the property damage included damage to non-defective work caused by the defective work. Kinder Brothers also argued that it detrimentally relied on Assurance's representations of coverage in that it spent unnecessary time and effort preparing documentation for Assurance and forewent an opportunity to seek reimbursement from the subcontractors.

This Court reviews summary judgments de novo. *See Webb v. Cardiothoracic Surgery Assocs. of North Tx.*, 139 F.3d 532, 536 (5th Cir. 1998). Summary judgment is appropriate where the pleadings and summary judgment evidence present no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court must consider the evidence with all reasonable inferences drawn in favor of the non-moving party. *See Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). The non-moving party may not, however, rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *See id.*

By failing to raise arguments regarding the policy exclusions before the trial court, Kinder Brothers waived its right to present such arguments on appeal. "[A] plaintiff in his opposition to a motion for summary judgment cannot abandon an issue and then, after an unpalatable decision by the trial judge, on appeal, by drawing on the pleadings resurrect the abandoned issue." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983), *quoting Edward B. Marks Music Corp. v. Continental Record Co.*, 222 F.2d 488, 492 (2d Cir. 1955). Kinder Brothers focused on the issue of alleged misrepresentations of coverage in its response and reply briefs to Assurance's motion for summary judgment. While Kinder Brothers stated that it did not concede that there was no coverage for the claim under the terms of the policy, it presented no arguments or legal authority in support of its assertion that the policy covered the damage. It cannot now put forward such arguments before this Court.

Kinder Brothers also claims that it detrimentally relied on Assurance's representations of coverage. As the district court

**4**

noted, however, the floors were torn out and new materials ordered for their replacement prior to any representations of coverage. Kinder Brothers argues that it also suffered damages to its bargaining position with Carpet Max and in expending time and effort gathering documentation on the claim. While it is true that Kinder Brothers dropped negotiations with Carpet Max upon being told there was coverage, Kinder Brothers nowhere presents evidence that the delay compromised its claims against Carpet Max,[1] that it was prepared to accept the offer that Carpet Max had made, or that it was forced to incur more attorney's fees than it would have otherwise. Furthermore, any gathering of documentation would have been done regardless. Given the lack of prejudice, summary judgment in favor of the defendant was appropriate.

AFFIRMED.

---

[1]Kinder Brothers did not lose an opportunity to pursue a cause of action against the subcontractors. In fact, Kinder Brothers acknowledges that it is currently in the midst of a lawsuit against them.