# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-2264

DLJ MORTGAGE CAPITAL, INC.

v.

NEAL ANTONIO STEVENS; CARLVIN LEONARD STEVENS, a/k/a
Calvin Leonard Stevens; SYLVIN RODFORD STEVENS;
KEVIN WINFIELD STEVENS; RHEA RENEA STEVENS; et al.

NEAL ANTONIO STEVENS; CARLVIN LEONARD STEVENS, a/k/a
Calvin Leonard Stevens; SYLVIN RODFORD STEVENS;
KEVIN WINFIELD STEVENS; RHEA RENEA STEVENS,
Appellants

_____

On Appeal from the District Court, D.V.I.
Judge Wilma A. Lewis, No. 1:21-cv-00013

Before: HARDIMAN, BIBAS, and PORTER, *Circuit Judges*
Submitted Dec. 9, 2025; Filed Feb. 18, 2026

_____

OPINION OF THE COURT

BIBAS, *Circuit Judge*. In litigation and life alike, you must speak up when it is time to do so. Carlton Stevens's heirs did not. After a lender foreclosed on Stevens's properties in St. Croix, the heirs raised a slew of affirmative defenses in their answer to the complaint. Yet when the lender moved for

summary judgment, the heirs failed to mention them. Now, they belatedly seek to revive the defenses, but they forfeited them by their silence. And because their one remaining argument is meritless, we will AFFIRM the District Court.

## I. DLJ FORECLOSES ON STEVENS'S PROPERTIES

This case starts with a piece of land. In 1997, Carlton Stevens mortgaged several adjacent plots to Banco Popular de Puerto Rico in exchange for a $392,000 loan, to be repaid with interest. The mortgage described the land as comprising several plots, some developed and some undeveloped. Stevens stopped making payments and then died in 2011. Banco Popular later assigned its rights as mortgagee to DLJ.

In 2018, DLJ sued several of Stevens's heirs, the IRS (which had two tax liens on the properties), and three other subordinate lienholders in the Superior Court of the Virgin Islands. It raised four claims: debt, foreclosure, quiet title, and reforming a scrivener's error in the mortgage for omitting another undeveloped plot (called 20-BC) from the list of properties mortgaged. The IRS removed the lawsuit to federal court under 28 U.S.C. § 1444, but it was dismissed as a party once the parties realized that the tax liens had expired. The heirs failed to appear at all, so the clerk of court entered defaults against them.

Nearly six months later, the heirs finally showed up, filing an answer with thirty-three affirmative defenses. They and DLJ then stipulated to vacate the defaults against them. But when DLJ moved for summary judgment on the debt and foreclosure claims, the heirs again failed to respond. Several months later, before ruling on the unopposed summary judgment motion, the

2

District Court sua sponte asked DLJ to submit documents supporting its request for reformation. After DLJ did so, the District Court gave the heirs a chance to register their opposition to that claim. The heirs filed a three-page response objecting to reformation on equitable grounds. But they submitted no evidence of their own.

The District Court then granted summary judgment against the heirs and the one subordinate lienholder who had appeared in the case, as well as default judgment against the rest of the subordinate lienholders. It also reformed the mortgage to include the omitted plot, 20-BC, concluding that its omission was a mutual mistake. The heirs now appeal. We review the grant of summary judgment de novo, applying the same standard as the District Court. *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019). We review the District Court's finding that there was a mutual mistake justifying reformation for clear error. *See* Fed. R. Civ. P. 52(a)(6); *Thomas v. Trans World Airlines, Inc.*, 457 F.2d 1053, 1058 (3d Cir. 1972) (Aldisert, J., concurring); *see also Resolution Tr. Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 799 (9th Cir. 1993).

## II. THE HEIRS FORFEITED THEIR DEFENSES

On appeal, the heirs primarily argue that the District Court was wrong to grant summary judgment to DLJ on the debt and foreclosure claims, throwing spaghetti at the wall and hoping that some of the mess will stick. They say the foreclosure violated federal statutes and regulations, that DLJ acted with unclean hands, that it failed to prove that it was a holder in due course of the note and mortgage, and that its suit was barred by the Virgin Islands' six-year statute of limitations for breaches

3

of contract. But though their answer mentioned those defenses, the heirs never raised them in opposition to summary judgment.

We have never had occasion to decide what happens if a party fails to re-raise a defense in opposition to summary judgment. But our sister circuits treat that failure as an "abandonment of the defense." *Diversey Lever, Inc. v. Ecolab, Inc.*, 191 F.3d 1350, 1352–53 (Fed. Cir. 1999); *see also Vela v. City of Houston*, 276 F.3d 659, 678 (5th Cir. 2001) (holding that, even when an issue was pleaded earlier in its answer, a party "in his opposition to a motion for summary judgment cannot abandon an issue and then … by drawing on the pleadings resurrect the abandoned issue") (quoting another Fifth Circuit case, in turn quoting *Edward B. Marks Music Corp. v. Cont'l Rec. Co.*, 222 F.2d 488, 492 (2d Cir. 1955)); *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995) (similar); *Est. of Shapiro v. United States*, 634 F.3d 1055, 1060 (9th Cir. 2011) (similar); *cf. Butler v. Daimler Trucks N. Am., LLC*, 74 F.4th 1131, 1151 (10th Cir. 2023) (same result for failure to raise factual dispute); *Sprafka v. Med. Device Bus. Servs., Inc.*, 139 F.4th 656, 662 (8th Cir. 2025) (same result for failure to oppose basis for summary judgment).

We now hold, consistent with those cases, that a party's failure to raise a defense in opposition to summary judgment forfeits that defense, even if the party raised it in an answer earlier in the litigation. That means that the party cannot renew the defense before us, since we will not "consider on appeal issues which were not presented to the district court." *Royce v. Hahn*, 151 F.3d 116, 125 (3d Cir. 1998).

4

We pause to underscore our use of the term "forfeiture" rather than "waiver" in this context. The distinction between the two matters: "Although we cannot reach waived arguments, appellate courts may 'resurrect' forfeited arguments in 'extraordinary circumstances.'" *United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023) (quoting *Wood v. Milyard*, 566 U.S. 463, 471 & n.5 (2012)). "Waiver is the 'intentional relinquishment or abandonment of a known right.'" *Id.* (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (2023)). Forfeiture is the "failure to make the timely assertion of a right." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Under our precedents, when a litigant raises an argument "in passing (such as, in a footnote)" but fails to "squarely argue[]" it, we consider it a forfeiture, not a waiver. *Kalu v. Spaulding*, 113 F.4th 311, 344 n.21 (3d Cir. 2024); *see also United States v. Heatherly*, 985 F.3d 254, 270 (3d Cir. 2021) (treating failure to "develop[] … arguments properly" as forfeiture). That logic applies with equal force when a litigant formulaically invokes an affirmative defense in an answer, but fails to mention, let alone develop, the defense in opposition to summary judgment. So we use the term "forfeiture" to describe that situation.

By not even deigning to respond to DLJ's summary-judgment motion, Stevens's heirs forfeited their arguments attacking the District Court's grant of summary judgment. And no "extraordinary circumstances" exist that could persuade us to address those arguments on the merits notwithstanding the heirs' forfeiture. *Dowdell*, 70 F.4th at 140. So we will affirm the District Court's entry of summary judgment in DLJ's favor.

### III. THE HEIRS' CHALLENGE TO REFORMATION FAILS

Although the heirs did not respond to DLJ's summary judgment motion, they did respond (at the District Court's urging) to DLJ's arguments for reforming the mortgage to include plot 20-BC. They echo those arguments on appeal. But we will not disturb the District Court's finding that the parties made a mutual mistake warranting reformation unless it was clearly erroneous. That deferential standard means that the heirs' challenge to the District Court's decision to reform the mortgage loses on the merits.

"Where a writing that evidences or embodies an agreement … fails to express the agreement because of a mistake of both parties …, the court may at the request of a party reform the writing to express the agreement …." *Massac v. Gov't of V.I., Off. of Lt. Gov.*, 74 V.I. 320, 325 (Super. Ct. 2021) (quoting Restatement (Second) of Contracts § 155 (1981)). The party seeking reformation bears the burden of proving mutual mistake by clear and convincing evidence. *Id.*

Below, DLJ's primary (only, really) evidence in favor of reformation was a government map of the subject properties from 1972, which notes that plot 20-BC was to be joined forever with one of the plots referenced in the mortgage documents, plot 20-BB. (DLJ also proffered the 1996 quitclaim deed conveying the properties to Stevens, which referred to the 1972 map.) Yet the 1972 map is not particularly strong evidence of a mutual mistake, since it notes that two other plots (20-BD and 20-BE) were also to be "conjoined in perpetuity," and the mortgage documents referenced both of those plots individually. App. 18 (quoting D. Ct. Dkt. No. 92-1).

The other evidence that DLJ submitted was even less persuasive. For example, DLJ provided records of 2014 and 2018 title searches, both of which concluded that the two plots were forever joined. But those searches not only postdated the mortgage documents; they also relied on the same 1972 map and 1996 quitclaim deed. DLJ also submitted property-tax records listing plot 20-BC together with the other plots, all under a single parcel ID number. But the tax records say little on their own, because that single parcel ID number also included a plot (20-B) everyone agrees was *not* encumbered by the mortgage.

With all that said, the heirs submitted zero evidence undermining the weak evidence offered by DLJ. And they submit none before us, instead just stressing the mortgage's failure to mention plot 20-BC, a failure uncorrected in a later modification of the mortgage. Yet that will often be true in cases of mutual mistake; a mistaken omission is no barrier to fixing such a mistake. The heirs also claim that the mortgage is a contract of adhesion, suggesting that unequal bargaining power made it inequitable to reform the contract. But even if it was an adhesion contract, "the mere fact that a contract is adhesive does not—without more—render it unconscionable" and unfair to enforce. *Allen v. Hovensa, LLC*, 59 V.I. 430, 440 (2013). And the heirs never argue, let alone show, that the mortgage's specific terms were so substantively unreasonable as to prevent enforcement.

Were we confronting the question in the first instance, we might well conclude that DLJ failed to show the existence of a mutual mistake by clear and convincing evidence. But we are not. Instead, we are reviewing the District Court's contrary finding for clear error. We may disturb the District Court's

7

conclusion only if it is (1) "completely devoid of minimum evidentiary support displaying some hue of credibility," or (2) "bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (internal quotation marks omitted). Since DLJ submitted some probative evidence in support of its position and the heirs submitted none, we cannot say that the District Court clearly erred in finding a mutual mistake that warranted reformation of the mortgage documents to include plot 20-BC.

\* \* \* \* \*

To preserve arguments on appeal from a summary judgment, litigants must have raised those arguments in the district court at that stage of the litigation; they cannot rely on having raised them in an earlier answer. Because the heirs failed to do so and the District Court's reformation of the mortgage was not clearly erroneous, we will AFFIRM the District Court's summary judgment for DLJ, as well as its reformation.

*Counsel for Appellants*
Martial A. Webster, Sr.

*Counsel for Appellee*
Matthew R. Reinhardt
Kyle R. Waldner
QUINTAIROS PRIETO WOOD & BOYER