**NORBAY MUSIC, INC., Plaintiff,**

v.

**KING RECORDS, INC., Defendant.**

United States District Court
S. D. New York.

July 12, 1960.

---

**254**

Martin J. Machat, New York City, for plaintiff.

Jack Pearl, New York City, for defendant.

EDELSTEIN, District Judge.

This is an action for royalties under ·§ 101(e) of the Copyright Act.[1] The case is here on defendant's motion and plaintiff's cross-motion for summary judgment pursuant to Rule 56, F.R.Civ. P., 28 U.S.C. The essential facts are not disputed.

Plaintiff, a New York corporation engaged in the music publishing business, is the copyright owner of a musical composition entitled "Slow Walk". The composition was first published and copyrighted in 1956. No issue is raised as to the validity of the copyright. Defendant is a corporation engaged in the manufacture, sale and distribution of phonograph records.

The complaint alleges that the defendant manufactured, distributed, sold and exploited recordings of the musical composition; that plaintiff has complied with the Copyright Act; and that defendant has failed to pay royalties to plaintiff. Defendant admits that it sold recordings entitled "Slow Walk", but denies plaintiff's right to relief.

The claimed infringement is of the right of mechanical reproduction granted to the copyright owner by § 1(e) of the Copyright Act. That section provides that when the copyright proprietor has used the work to make a mechanical reproduction or licensed another to do so, any person may make similar use of the work upon payment to the owner of the statutory royalty. The owner, if he uses or licenses the work for a mechani-

---

1. 17 U.S.C. § 101(e) provides: "Royalties for use of mechanical reproduction of musical works.—Whenever the owner of a musical copyright has used or permitted the use of the copyrighted work upon the parts of musical instruments serving to reproduce mechanically the musical work, then in case of infringement of such copyright by the unauthorized manufacture, use, or sale of interchangeable parts, such as disks, rolls, bands, or cylinders for use in mechanical music-producing machines adapted to reproduce the copyrighted music, no criminal action shall be brought, but in a ·civil action an injunction may be granted upon such terms as the court may impose, and the plaintiff shall be entitled to recover in lieu of profits and damages .a royalty as provided in section 1, sub- ·section (e), of this title: Provided also,

That whenever any person in the absence of a license agreement, intends to use a copyrighted musical composition upon the parts of instruments serving to reproduce mechanically the musical work, relying upon the compulsory license provision of this title, he shall serve notice of such intention, by registered mail, upon the copyright proprietor at his last address disclosed by the records of the copyright office, sending to the copyright office a duplicate of such notice; and in case of his failure so to do the court may, in its discretion, in addition to sums hereinabove mentioned, award the complainant a further sum, not to exceed three times the amount provided by section 1, subsection (e), of this title, by way of damages, and not as a penalty, and also a temporary injunction until the full award is paid."

cal reproduction, must file a notice in the copyright office, and failure to do so is a complete defense to any suit, action or proceeding for infringement of the mechanical rights.[2]

In or about the latter part of September or early October 1956, the defendant and another record company (Mercury Records) commenced the mechanical reproduction of plaintiff's musical composition on phonograph records. Mercury applied for and received a license and thereafter accounted and paid mechanical royalties to the plaintiff. The notice of use was not filed with the Register of Copyright until November 26, 1957. Defendant has paid no royalties and claims that plaintiff forfeited its rights to royalties by failing to file the notice in compliance with the Act. Plaintiff contends that the filing is a mere procedural condition precedent to bringing suit, and a late filing does not diminish the infringer's liability for royalties.

No case has specifically considered whether a late filing of the notice of use is effective in mitigating the absolute bar to suit declared by the Act.[3] That is the sole issue before this court.

Prior to the enactment of § 1(e) in 1909, the composer was not protected from infringement of his work by setting the music on a phonograph record, piano roll or similar mechanical device. White-Smith Music Pub. Co. v. Apollo Co., 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655. The desire to afford adequate compensation to the copyright owner was balanced by Congress against fears of monopolistic control of popular songs by a few large record companies. H.Rep. No. 2222, 60th Cong. 2d Sess. 5-8 (1909). Congressional enactment of the right of mechanical reproduction was a compromise measure carrying with it the compulsory license provisions. Ibid. And as another condition of the new right created by Congress, the notice of use provision was attached for the purpose of apprising the public of the availability of the composition. See Stasny Music Corp. v. Santly-Joy, Inc., D.C.S.D.N.Y., 156 F.Supp. 795, 796, affirmed 2 Cir., 249 F.2d 957; Leo Feist, Inc. v. American Music Roll Co., 3 Cir., 251 F. 245, 247.

In arguing that the statute is not a complete bar to recovery, plaintiff likens the filing here to the registration and deposit of copies of a copyrighted work under § 13 of the Copyright Act.[4] Plaintiff cites Washingtonian Publishing Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397,

2. 17 U.S.C. § 1(e) provides in part: "And as a condition of extending the copyright control to such mechanical reproductions, that whenever the owner of a musical copyright has used or permitted or knowingly acquiesced in the use of the copyrighted work upon the parts of instruments serving to reproduce mechanically the musical work, any other person may make similar use of the copyrighted work upon the payment to the copyright proprietor of a royalty of 2 cents on each such part manufactured, to be paid by the manufacturer thereof. * * * It shall be the duty of the copyright owner, if he uses the musical composition himself for the manufacture of parts of instruments serving to reproduce mechanically the musical work, or licenses others to do so, to file notice thereof, accompanied by a recording fee, in the copyright office, and any failure to file such notice shall be a complete defense to any suit, action, or proceeding for any infringement of such copyright."

3. In Biltmore Music Corp. v. Kittinger, 9 Cir., 238 F.2d 373 the statement of facts mentions a notice having been filed prior to suit. It is unclear, however, whether the notice refers to the original composition at issue or to one of the subsequent arrangements. And language in Stasny Music Corp. v. Santly-Joy, Inc., D.C.S.D.N.Y., 156 F.Supp. 795, 796, affirmed 2 Cir., 249 F.2d 957, might be taken to mean that a notice was filed prior to suit.

4. 17 U.S.C. § 13 provides: "After copyright has been secured by publication of the work with the notice of copyright as provided in section 10 of this title, there shall be promptly deposited in the copyright office * * * two complete copies of the best edition thereof then published * * *. No action or proceeding shall be maintained for infringement of copyright in any work:

83 L.Ed. 470, where copies of a copyrighted work were deposited fourteen months after publication and six months after it had been infringed, to show that a late filing does not bar recovery. The Supreme Court, in rejecting the contention that the right to sue for infringement was lost, read § 13 as not intending a forfeiture of the copyright. Use of the word "until" in the last sentence of the section demonstrated that the filing is merely a condition precedent to suit. Moreover, the Act itself, in § 14,[5] provides a penalty for delay. The Court found that defendant's duty not to infringe is unaffected by failure to deposit copies of a work, for the copyright is created upon publication with notice of copyright. Defendant is put upon notice when the work is published with the required notice.

The case at bar is not analogous. Section 1(e) has no language limiting the "complete defense" it ordains. No other sanction is provided elsewhere in the Act for a failure to file the required notice. To hold that plaintiff's filing subsequent to defendant's production of phonograph records cures the bar to collection of royalties would be prejudicial to defendant. If a search of the records in the copyright office is made at all, it is done prior to manufacturing the specific disks at issue. The absence of a filed notice of use at that time would lead a searcher to conclude that no claim for statutory royalties would be pressed, although liability for infringement of the copyright itself is risked if no other phonograph record is then being marketed. Filing the notice of use after defendant has commenced production of the records can in no way serve to give the kind of public notice Congress intended.

■ Although the statute does not specify the time within which the copyright owner must file the notice,[6] to permit a filing after the production of recordings began would be to negative the procedure set forth by Congress.[7] In creating a new right in 1909, Congress had the power to annex conditions to its exercise. H.Rep. No. 2222, 60th Cong., 2d Sess. 9 (1909). If, as plaintiff contends, this reading of the Act results in unfair economic advantage to defendant because of a technicality of the Copyright Act, the plea for relief must be addressed to Congress. The proposed revision of the Copyright Act, now under study, will undoubtedly deal with the merits of the compulsory license provisions. See Henn, The Compulsory License Provisions of the United States Copyright Law, (United States Copyright Office Study No. 1, 1957).

until the provisions of this title with respect to the deposit of copies and registration of such work shall have been complied with."

5. 17 U.S.C. § 14 provides: "Should the copies called for by section 13 of this title not be promptly deposited as provided in this title, the Register of Copyrights may at any time after the publication of the work, upon actual notice, require the proprietor of the copyright to deposit them, and after the said demand shall have been made, in default of the deposit of copies of the work within three months from any part of the United States, except an outlying territorial possession of the United States, or within six months from any outlying territorial possession of the United States, or from any foreign country, the proprietor of the copyright shall be liable to a fine of $100 and to pay to the Library of Congress twice the amount of the retail price of the best edition of the work, and the copyright shall become void."

6. At least two of the bills which were forerunners of the one ultimately passed provided that the filing was to precede the use of the work for mechanical reproduction. See H.R. 24782, 60th Cong., 2d Sess. (1908); H.R. 25162, 60th Cong., 2d Sess. (1909).

7. "This notice is very important, for it is the owner's only protection against a recording which will pay him no royalties whatsoever. His failure to file this notice is 'a complete defense' of any mechanical infringer. Unless the author has filed this notice, anyone, without further formality, may record the work as though it were not copyrighted at all." Shafter, Musical Copyright 235 (1932).

Since plaintiff failed to comply with § 1(e) of the Copyright Act by filing his notice of use when he licensed Mercury Records to reproduce his musical composition, the action for royalties is now barred. Summary judgment for defendant is granted.

Settle order on notice.