**NORBAY MUSIC, INC., Plaintiff-Appellant,**

v.

**KING RECORDS, INC., Defendant-Appellee.**

No. 261, Docket 26552.

United States Court of Appeals
Second Circuit.

Argued April 13, 1961.

Decided May 25, 1961.

**618**

Walter Hofer, New York City, for plaintiff-appellant.

Jack Pearl, New York City (Stuart Sprague, New York City, on the brief), for defendant-appellee.

Julian T. Abeles, New York City, for Music Publishers' Protective Ass'n, Inc., amicus curiae.

Morris Ebenstein, New York City (Johanan Vigoda, New York City, on the brief), for Chappell & Co., Inc., amicus curiae.

Before CLARK, MEDINA and FRIENDLY, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff Norbay Music, Inc., appeals from a summary judgment granted defendant King Records, Inc., in an action for infringement of plaintiff's copyrighted musical composition. Plaintiff, a music publisher, copyrighted the musical composition "Slow Walk" in 1956, and on October 2, 1956, licensed Mercury Records to manufacture and distribute phonograph records of it. Shortly thereafter, defendant recorded this same composition without first obtaining a license from plaintiff, and without serving upon it a notice of intention to use, in compliance with 17 U.S.C. § 101(e).[1] The complaint in this action seeks the statutory royalty of two cents per record for each infringing record manufactured by defendant. The complaint further alleges in a second count that defendant rejected plaintiff's demands for royalties due, and that plaintiff is therefore en-titled to treble the amount of such royalties under 17 U.S.C. § 1(e).

The district court gave summary judgment for the defendant on the ground that plaintiff failed to file a "notice of use" in the copyright office until November 26, 1957, long after the initial license to Mercury Records. In a reasoned opinion, D.C.S.D.N.Y., 185 F.Supp. 253, 255, Judge Edelstein ruled that such a delay in filing barred all relief, pursuant to the following provisions of 17 U.S.C. § 1(e): "It shall be the duty of the copyright owner, if he uses the musical composition himself for the manufacture of parts of instruments serving to reproduce mechanically the musical work, or licenses others to do so, to file notice thereof, accompanied by a recording fee, in the copyright office, and any failure to file such notice shall be a complete defense to any suit, action, or proceeding for any infringement of such copyright."

The problem here arises from the statutory provisions of the Act of 1909 designed to negative the effect of the decision in White-Smith Music Pub. Co. v. Apollo Co., 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655, 14 Ann.Cas. 628, that a music roll was not a "copy" of a copyrighted musical composition. But the distrust of monopoly was so great that the form of remedy chosen was that of the famous compulsory license to all others at two cents a record, once the owner of a musical copyright has made or allowed others to make a mechanical reproduction of the work. 17 U.S.C. § 1(e), supra. This has been the subject of sharp debate practically ever since. See Henn, The Compulsory License Provisions of the United States Copyright Law 9–14 (1957), a study prepared for the United States Copyright Office; Kaplan, Performer's Right and Copyright: The Capitol Records Case, 69 Harv.L.Rev. 409 (1956); Chafee, Reflections on the Law of Copyright: II, 45 Col.L.Rev. 719, 735–737 (1945). But

---

1. While the complaint suggests that defendant may have manufactured records of "Slow Walk" in late September 1956, plaintiff's affidavits on summary judg-ment make no bona fide effort to show that defendant's infringement predated the license to Mercury Records.

against this background the function of the special defense here relied on seems reasonably clear. The "notice of use" provision is designed to notify all other persons that a musical composition has become available for mechanical reproduction. See Leo Feist, Inc. v. American Music Roll Co., 3 Cir., 251 F. 245, 247. The statute is quite silent, however, as to when the notice shall be filed beyond the necessary implication that it must be done before suit is instituted if a successful defense is to be avoided. The Copyright Office's Information Circular No. 5, "Notice of Use of Music on Mechanical Instruments," directs the proprietor to file the notice "[a]s soon as the copyright owner has recorded his work or licensed someone else to make the first recordings." [2] But this admonition does not tell us what happens in the event of a delayed filing. Analogy might be sought in the general provisions for copyright which require the owner to deposit copies of the copyrighted work "promptly" after publication with the Register of Copyrights. In Washingtonian Pub. Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397, 83 L.Ed. 470, it was held that, once the deposit had been made, even though belatedly, the owner may recover for earlier infringements. But the statute 17 U.S.C. § 13 is somewhat clearer than 17 U.S.C. § 1(e), since it forbids suit merely *until* its provisions are complied with.

Upon the decisive issue before us, the court below concluded that a tardy filing would bar suit for all acts of infringement, including infringement occurring after the tardy filing. Truly this permanent forfeiture of the semi-exclusive right to mechanical reproduction is a drastic method of punishing the late filer. The statutory language does not compel such a result, since the "complete defense" referred to could well apply only to actions for infringement occurring prior to filing. Such a construction would seem the more reasonable one, since it retains a powerful incentive to file early, but does not impose a sanction more severe than is necessary to accomplish the intended result. A substantial amount of the profits derived from a song will be made during the period of initial popularity, shortly after the release of the first recordings. If the copyright proprietor is denied protection against infringers until it files, it will surely file promptly if given proper legal advice. Otherwise it forfeits the right to recover much, and possibly most, of the damages it would be entitled to collect from infringers. The drastic view accepted below furnishes no extra incentive to file promptly. It will only increase, for no useful purpose, the penalty imposed upon the small operator who lacks the finances or good sense to secure proper legal advice.

We therefore hold that the plaintiff's failure to file a timely notice of use bars suit for acts of infringement occurring prior to the time notice was filed, but not for acts occurring afterwards. Our decision is quite consistent with Stasny Music Corp. v. Santly-Joy, Inc., 2 Cir., 249 F.2d 957, affirming on opinion below, D.C.S.D.N.Y., 156 F.Supp. 795, where no notice of use was filed prior to the commencement of suit, and the complaint apparently sought relief only for acts of infringement occurring prior to filing. In Biltmore Music Corp. v. Kittinger, 9 Cir., 238 F.2d 373, certiorari denied 352 U.S. 954, 77 S.Ct. 327, 1 L.Ed. 2d 243, also cited below, it is unclear whether or when notice was filed; and the opinion does not discuss the exact point. As Judge Edelstein conceded,

---

2. Two bills considered in connection with the enactment of § 1(e) contained the even stricter requirement that notice of use be filed before the copyright proprietor permits manufacture. H.R. 24782, 60th Cong., 2d Sess. (1908), and H.R. 25162, 60th Cong., 2d Sess. (1909), set forth in Henn, The Compulsory License Provisions of the United States Copyright Law 9–14 (1957), supra. The reason for deletion of this express language setting forth the time for filing notice does not appear.

there is no controlling precedent for his decision.[3] We feel at liberty to accept the more moderate construction of the statute as indicated.

■ Since the "complete defense" provision applies by its terms only to actions for "infringement," plaintiff attempts to avoid the bar of that provision by suing for "royalties" under 17 U.S.C. § 1(e), rather than for infringement under 17 U.S.C. § 101(e). We do not think this change of nomenclature can have the effect thus contended for. Section 101(e) clearly treats the term "infringement" as embracing "unauthorized manufacture" occurring after the copyright proprietor has licensed mechanical reproduction. Since a once-recorded composition is available to all third parties "upon the payment" of a two-cent royalty, manufacture at this point can be "unauthorized" only in that the third party fails · to make the required payments. Thus § 101(e), in treating "unauthorized manufacture" as infringement, treats nonpayment of the statutory royalty as an act of infringement. We conclude, therefore, that the "complete defense" provision, in barring actions for infringement, applies to all actions for unpaid statutory royalties, however they may be named.

■ Section 101(e) provides that any person intending to use mechanical re- productions of musical compositions in the absence of a license agreement and under the compulsory license provisions of § 1(e) shall serve notice of such intention, by registered mail, upon the copyright proprietor, sending a duplicate to the copyright office. Defendant served no such notice here, and it might be claimed that for this violation of a statutory duty it lost its immunity from suit for infringement for the copying it did even before plaintiff filed its notice of use. But the same statute, 17 U.S.C. § 101(e), itself provides a definite sanction thus: "and in case of his failure so to do the court may, in its discretion," award a further sum to the complainant, not to exceed three times the royalties provided in § 1(e), with a temporary injunction until the full award is paid. We cannot well extend this statutory provision, to make it applicable to copying before the notice. It is applicable, however, thereafter. Hence, under the view we have taken, plaintiff is entitled to recover the statutory royalty of two cents for each record manufactured after the filing of the plaintiff's notice of use; and the district court may, in its discretion, grant plaintiff an additional award not to exceed three times the royalties found to be due, together with costs and a reasonable attorney's fee.

Reversed and remanded for the computation of damages.

---

**3.** Some text writers hold that notice may be filed at any time before suit. 2 Ladas, The International Protection of Literary and Artistic Property 792 (1938); Weil, American Copyright Law 97 (1917); Derenberg, Copyright Law, 36 N.Y.U.L. Rev. 585, 598–599 (1961). Authorities cited by defendant as opposing seem only to advise prompt compliance with the statutory requirement. See, e. g., De-Wolf, An Outline of Copyright Law 154–155 (1925); Shafter, Musical Copyright 235 (1932); Rothenberg, Legal Protection of Literature, Art and Music 185 (1960).