NOM MUSIC, INC., Plaintiff,

v.

William KASLIN, a/k/a Bill Chaplin, and Blanche Kaslin, d/b/a Hull Record Company, Keel Music Publishing Co., Hull Records, Inc., Keel Music Publishing Co. Inc. and James Sheppard, Defendants.

United States District Court
S. D. New York.
March 9, 1964.

Orenstein, Arrow & Lourie, New York City, Miles J. Lourie, New York City, of counsel, for plaintiff.

Elliot L. Hoffman, New York City, for defendants.

COOPER, District Judge.

Sought here is an injunction and an accounting of profits resulting from defendants' alleged infringement of plaintiff's copyright in a musical composition.

The action was begun on February 6, 1962, issue was joined on March 15, 1962, and the cause was noticed for trial on October 18, 1962. Trial was held before the Court, sitting without a jury, on December 12, 13, 16 and 17, 1963.

The basic facts are not in dispute. On May 2, 1956, defendant James Sheppard and one William H. Miller assigned a composition entitled "A Thousand Miles Away" to defendant Keel Music Publishing Co. (Keel). On May 9, 1956, Keel filed its claim to copyright in the work as an unpublished composition and was assigned number EU 436744. On December 13, 1956, Keel assigned the composition to plaintiff. On December 27, 1956, plaintiff published a piano arrangement of the song, in sheet music form, naming Kahl Music Co., Inc. (plaintiff's predecessor in interest) as the copyright holder. The next day, plaintiff filed a claim to copyright in the song as a published composition and was assigned number EP 105081. The assignment from Keel to plaintiff was recorded on January 10, 1957.

Prior to February 21, 1961, defendant James Sheppard, together with Charles Bassett and Clarence Baskerville, composed a musical composition entitled "Daddy's Home". They assigned this song to Keel who filed a claim to copyright as an unpublished work in the composition on February 21, 1961.

It is claimed that "Daddy's Home" was copied from and infringed upon "A Thousand Miles Away."

## MOTION FOR SUMMARY JUDGMENT

At the opening of the trial, defendants moved for summary judgment on the basis of the holding in Group Publishers Inc. v. Winchell, 86 F.Supp. 573 (S.D. N.Y.1949), asserting that plaintiff's insertion of its name as the copyright proprietor in the notice of copyright on the sheet music of "A Thousand Miles Away" on December 27, 1956, some two weeks before the assignment to plaintiff was recorded in Washington, dedicated the composition to the public and destroyed the copyright therein.

However, the Winchell case, and the line of cases following it, have a basic and crucial element, missing in the case at bar. In Winchell, the claim filed by the assignor was a claim to copyright in a book as a published work. The court found that plaintiff there, failing to comply with Section 32 of the Copyright Act (17 U.S.C.A. § 32), had dedicated the work to the public. Section 32 requires an assignee of a copyright to first file the assignment before "the assignee may substitute his name for that of the assignor in the statutory notice of copyright prescribed by this title."

The gravamen of Section 32 is well stated in Nimmer on Copyright (1936) at page 536:

"If the assignment is executed prior to the time a statutory copyright has been obtained in the work then clearly at the time statutory copyright is obtained by publication with notice the assignee is the proprietor of the work and hence his name, and not the name of the assignor should appear in the notice. If, however, statutory copyright is first obtained, and thereafter the copyright is assigned, the notice of copyright

should bear the name of the proprietor of record. Absent a recordation of the assignment the assignor is the proprietor of record, and therefore his name and not that of the assignee should be contained in the copyright notice."

■ The words "statutory copyright" as used by the author clearly refer to a copyright obtained by publication. Prior to the time such a "statutory copyright" is obtained, there can be no "substitution" of the assignee's name for that of the assignor in the notice of copyright since there has never been a publication of the work by the assignor. Section 32 must, if it is to be a meaningful legislative pronouncement, refer only to those cases where, as in Winchell, a statutory, or published, copyright is assigned, and not where, as in the case at bar, the statutory copyright is first obtained by the assignee of an unpublished copyright.

■ Section 32 sought to effectuate easy access by the public to the record holder of the copyright. It therefore required that the notice of copyright appearing on every published copy of the work reflect the name of the record holder of that copyright. Here, plaintiff followed the correct procedure to a published copyright in the song. The records in Washington accurately reflected, in late December, 1956, that plaintiff was the record holder of a published copyright in "A Thousand Miles Away." It is no defense that the assignment to the unpublished copyright was not filed until after the publication of the song pursuant to a valid copyright in a published work. Section 32 would be rendered meaningless were we to decide otherwise. Accordingly, defendant's motion for summary judgment is denied.

## DISPOSITION OF TRIAL MOTIONS

Before all the evidence was in, defendant made various motions during trial for dismissal of the complaint. We find them without merit.

■ First, the motion to dismiss on the ground of "unclean hands" based on the charge that plaintiff's claim of a published copyright in "A Thousand Miles Away" listed it as "Revised Music" when, in fact, it was not. It is clear that a musical arrangement of an original composition is copyrightable. Here, plaintiff had the melody line of "A Thousand Miles Away" arranged for piano and sold this arrangement in sheet music form. This is clearly a proper subject for a claim to copyright. See Section 7 of the Copyright Act. (17 U.S.C.A. § 7.)

■ In addition, the record is devoid of any proof that plaintiff was motivated by a desire to extend the copyright period by having its 28 year term commence on December 28, 1956, the date the published copyright was obtained, rather than May 9, 1956, the date defendants obtained an unpublished copyright in the song. Accordingly, this motion is denied.

■ Defendants also move to dismiss the complaint on the ground that the complaint fails to state which of two copyrights was infringed by defendants. There is only one copyright in the composition "A Thousand Miles Away." This is the unpublished copyright assigned to plaintiff. The published copyright later obtained by plaintiff relates to the piano arrangement, or "revised music" contained in the sheet music of "A Thousand Miles Away."

The complaint can easily be read to include an infringement claim against both copyrights. Further, Rule 15 of the Federal Rules of Civil Procedure explicitly directs that the pleadings shall be deemed amended to conform to the evidence. Accordingly, the complaint is deemed amended to include a claim of infringement as to both copyrights, and the motion to dismiss on this ground is denied.

■ Next, defendants base a motion to dismiss on the alleged sale by plaintiff of phonograph records of "A Thousand Miles Away" which it purchased from defendant Hull Record Company at the time of the assignment and which, it is

claimed, contained an erroneous copyright notice on the labels. There is no proof that plaintiff sold the records, or, if sold, what name appeared on the label. It is clear, however, that a phonograph record is not a copy of a musical composition and need not contain a copyright notice, nor is a sale of the record a "publication" of the underlying composition. See Howell's Copyright Law (1962) p. 113 et seq. This motion is denied.

■ Lastly, defendants claim that plaintiff consented to the alleged infringement by having the sheet music to "A Thousand Miles Away" distributed by Keys-Hanson, the same firm distributing copies of "Daddy's Home". This contention is in no way borne out by the evidence adduced, nor does it have any legal merit. Motion denied.

## CLAIMS ASSERTED

Defendant James Sheppard was a co-composer of both compositions involved here. He cannot read or write music, but he has composed, or helped in composing, various songs during the past 12 years. He also has been a member of several singing groups which performed these songs.

Defendants offered proof at the trial to show that the composition "Daddy's Home" was taken exclusively by Sheppard from a song closely resembling a ditty called "Little, Little Lover" which he helped compose some 12 years ago, and not from "A Thousand Miles Away" written by him in 1955. It is evident from all the music heard at the trial with which Sheppard was connected, that a similarity in tonal composition prevails.

It is also clear that almost all "rock and roll" music is constructed in the familiar four segment method. This entails a 32 bar song, divided into 8 four bar segments. The main melody is heard first, then repeated for the next 8 bars. The 17th through the 24th bar is commonly called the "bridge". The melody is then repeated once again, for the last 8 bars.

The structural similarity in this type of music, together with the existence of a common composer, poses a close question of copying and subsequent infringement.

Mr. Ben Kendall, plaintiff's arranger, testified on its behalf. With the aid of recordings and a comparison chart prepared by him, he compared both compositions in dispute, bar by bar and segment by segment. By virtue of this painstaking musical analysis, Mr. Kendall concluded that, in his opinion, "Daddy's Home" was copied from "A Thousand Miles Away."

## COMPARISONS: MUSIC AND LYRICS

Qualitatively and quantitatively the similarities musically between "Daddy's Home" and "A Thousand Miles Away" are clearly evident from a perusal of Exhibit 13 (Mr. Kendall's comparison chart), from a playing of Exhibit 12 (the tape prepared under Mr. Kendall's supervision), and from Mr. Kendall's testimony found impressive by the Court.

The lyrics as well as the title of "Daddy's Home" were obviously lifted from the lyrics of "A Thousand Miles Away." The very words "Daddy's Home" appear three times in the lyrics of "A Thousand Miles Away". They were taken as the title and were used four times in the lyrics of "Daddy's Home." The words "daddy's home" are used in precisely the same places in "Daddy's Home" as they appear in "A Thousand Miles Away", to wit: Bars 6, 14 and 30. They are used additionally in Bar 5 of "Daddy's Home". The same word, "You're" appears as the first word of both songs. Both works end with a reference to "Daddy's Home." The beginning word of the bridges of both songs (Bar 16) are identical and lead into similar references in Bars 17, 18 and 19 to the days of the week—e. g. "A Thousand Miles Away" beginning at Bar 16: "It may be on Sunday morning, it may be on Tuesday afternoon." By comparison in "Daddy's Home" at

Bar 16: "It wasn't on a Sunday, Monday and Tuesday went by. It wasn't on a Tuesday afternoon."

In Bars 18 through 23 both sets of lyrics contain the same thought, i. e., "Daddy may come home on specified days but in any event he'll make it his business to get home." In Bars 24 through 29 of both songs, the lyrics refer to the claim that "Daddy", while not home, is "thinking of you". The lyrics of both songs end on a hopeful note—e. g. "A Thousand Miles Away" beginning at Bar 28: "Oh, my darling, dry your eyes, Daddy's coming home soon." By comparison, in "Daddy's Home" at the lead-in to Bar 28: "You had teardrops in your eyes—Daddy's home, Daddy's home to stay." This close similarity exists throughout both sets of lyrics.

The similarities between the two songs are even more pronounced when their melodies are considered. The transposition of the key of "Daddy's Home" for comparison purposes was adopted by plaintiff's expert in Exhibits 12 and 13 and was accepted by defendants in their Exhibit J (Transcript of Record, 293, 294). The transposition of one composition to the key of another for comparison purposes has been recognized as a valid technique and has been termed "the comparative method". See Shafter, Musical Copyright, pp. 204, 205.

Of the total of 32 bars in each song, 23 bars are identical or similar. They are Bars 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, 19, 21, 22, 26, 27, 28, 30, 31 and 32. In each of these bars one-half or more of the beats in the bar are either identical or closely related to notes in "A Thousand Miles Away". There are a total of 59 notes that are identical in both works (16 in the first 8 bars, 14 in the second 8 bars, 21 in the bridge, and 8 in the last 8 bars).

While it is true that "more must appear than the mere similarity or even identity" between the songs in question, Fred Fisher, Inc. v. Dillingham, 298 F. 145, 147 (S.D.N.Y.1924), that "more" is supplied here. There can be no question that defendants had access to "A

Thousand Miles Away." It was composed, in part, by the composer of "Daddy's Home", defendant Sheppard.

The profusion of melodic similarities here, coupled with the close similarity between the lyrics, and accompanied by direct proof of access creates an overpowering inference of copying.

It is inconceivable that "Daddy's Home" was copied from "Little, Little Lover", an unwritten, unfinished, unpublished tune composed 12 years ago. The commercial success of "A Thousand Miles Away" is conceded. It was a hit in the trade. It would certainly strain the court's credulity to believe that defendant Sheppard bypassed this successful song when seeking a melody for "Daddy's Home" and instead selected a ditty from his childhood. The testimony offered in support of this contention is rejected. Northern Music Corp. v. King Record Distributing Co., 105 F.Supp. 393 (S.D.N.Y.1952). Defendants have failed to sustain the burden of establishing this defense. Nimmer on Copyright Section 139.4.

Defendants also claim that the two songs, "A Thousand Miles Away" and "Daddy's Home", are "trite" and commonplace. (Transcript of Record, 243). While this may be true, it is no defense where, as here, proof of access is direct and uncontroverted and proof of copying is so compelling.

## CONCLUSION

Both qualitatively and quantitatively, the evidence amply supports the conclusion that "Daddy's Home" was copied from "A Thousand Miles Away". Plaintiff has sustained its burden of proving defendants' infringement of its valid copyright in "A Thousand Miles Away" by publishing and selling sheet copies, as well as phonograph records, of "Daddy's Home."

## DISPOSITION

The Court concludes that plaintiff has established a right to recover damages for the infringement of its copyright by defendants and, further, that plaintiff is

entitled to injunctive relief against such infringement. 17 U.S.C.A. § 101.

 While it is mandatory that the court allow "full costs" in a copyright infringement suit to the prevailing party (17 U.S.C.A. § 116), the court retains discretion as to whether to award "a reasonable attorney's fee" as part of the costs. Alexander v. Irving Trust Co., 132 F.Supp. 364 (S.D.N.Y.1955), aff'd 228 F.2d 221 (2d Cir. 1955), cert. den. 350 U.S. 996, 76 S.Ct. 545, 100 L.Ed. 860 (1956); B & B Auto Supply, Inc. v. Plesser, 205 F.Supp. 36 (S.D.N.Y.1962). Where, as here, the case presents a clear showing of infringement and deliberate copying the Court will allow reasonable counsel fees as part of the costs.

Sydney B. Wertheimer, Esq., 1501 Broadway, New York City, is hereby appointed a Special Master to take evidence and compute and pass upon an accounting of defendants' profits, gains and advantages and plaintiff's damages, and to allocate the liability of the individual and corporate defendants for the damages and costs.

For the purpose of such reference to the Special Master, plaintiff shall have the right in accordance with the Federal Rules of Civil Procedure to take the depositions of defendants, their officers, servants, agents, employees and privies and each of them, and any and all parties and witnesses who may have knowledge or information with regard to the subject matter of said reference, and a right to the production of all the books, vouchers, contracts, documents and records of the said deponents. The allowance of the Special Master and the cost of said reference shall be charged against and be borne by defendants.

The jurisdiction of this Court is retained for the purpose of making any further orders reasonably required to effectuate this interlocutory judgment, to determine the damages, profits and other fees to be awarded to the plaintiff, and to effect a final resolution of this controversy between the plaintiff and the defendants.

This opinion shall constitute the Court's findings of fact and conclusions of law as required by Rule 52 of the F.R.Civ.P.

Settle Order on five (5) days notice granting judgment in accordance with this opinion.