**NORBAY MUSIC, INC., Plaintiff,**
**v.**
**KING RECORDS, INC., Defendant.**

United States District Court
S. D. New York.
Jan. 11, 1966.

Walter Hofer, New York City, for plaintiff; Theodore Nussbaum, New York City, of counsel.

Jack Pearl, New York City, for defendant.

**FREDERICK van PELT BRYAN, District Judge:**

This lengthy litigation, involving an action for statutory royalties due for the use of plaintiff's copyrighted musical composition, culminated in a trial before me solely on the questions of (1) whether the court should augment the statutory royalty award because defendant failed to serve its notice of intention to use mechanical reproductions of plaintiff's musical composition under the compulsory license provisions of the copyright law;[1] (2) whether the court

---

1. 17 U.S.C. § 101(e) provides in pertinent part:

"whenever any person, in the absence of a license agreement, intends to use a copyrighted musical composition upon the parts of instruments serving to reproduce mechanically the musical work, relying upon the compulsory license provision of this title, he shall serve notice of such intention, by registered mail, upon the copyright proprietor at his last address disclosed by the records of the copyright office, sending to the copyright office a duplicate of such notice; and in case of his failure so to do the court may, in its discretion, in addition to sums hereinabove mentioned, award the

should allow a "reasonable attorney's fee as part of the costs" due the plaintiff.[2]

The history of this litigation bears on the resolution of these questions. On October 2, 1956, plaintiff, the copyright owner of the musical composition "Slow Walk," licensed Mercury Records to manufacture and distribute phonograph records of the work. During October, 1956, defendant also commenced commercial production of "Slow Walk" records, though it did not obtain a license from plaintiff, and did not serve notice of intention to use the compulsory license provisions of the statute, as required by 17 U.S.C. § 101(e). In response to an inquiry from defendant, the Copyright Office by letter, dated November 20, 1956, informed defendant that a search of the records revealed that no notice of use or copyright registration had been filed for the composition "Slow Walk" as of October 12, 1956. In fact, plaintiff was delinquent in meeting its statutory obligation by failing to file the notice of use prescribed by 17 U.S.C. § 1(e)[3] until November 26, 1957, more than one year after the initial license to Mercury Records. In December, 1957, plaintiff demanded in writing that the defendant tender the statutory royalty required by Section 1(e). Defendant refused and suit was eventually commenced in January, 1959.

On these facts Judge Edelstein granted defendant's motion for summary judgment. Finding no cases directly applicable, he concluded that plaintiff's delay in filing barred all relief by virtue of the "complete defense" provision of Section 1(e). Norbay Music, Inc. v. King Records, Inc., 185 F.Supp. 253 (S.D.N.Y.1960). The Court of Appeals disagreed with this reading of the statute, and reversed, holding "that the plaintiff's failure to file a timely notice of use bars suit for acts of infringement occurring prior to the time notice was filed, but not for acts occurring afterwards." Norbay Music, Inc. v. King Records, Inc., 290 F.2d 617, 619 (2 Cir. 1961). The case was remanded for a computation of damages.

On remand, Judge Sugarman, acting on agreement of the parties, fixed the statutory damages at $622.24; however, he denied plaintiff's motion for summary judgment on the questions of treble damages and attorneys' fees. The trial on these remaining issues followed.

complainant a further sum, not to exceed three times the amount provided by section 1, subsection (e), of this title, by way of damages, and not as a penalty, and also a temporary injunction until the full award is paid."

2. 17 U.S.C. § 116, reads as follows:
   "In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

3. This section provides in pertinent part:
   " * * * And as a condition of extending the copyright control to such mechanical reproductions, that whenever the owner of a musical copyright has used or permitted or knowingly acquiesced in the use of the copyrighted work upon the parts of instruments serving to reproduce mechanically the musical work, any other person may make similar use of the copyrighted work upon the payment to the copy-right proprietor of a royalty of 2 cents on each such part manufactured, to be paid by the manufacturer thereof; and the copyright proprietor may require, and if so the manufacturer shall furnish, a report under oath on the 20th day of each month on the number of parts of instruments manufactured during the previous months serving to reproduce mechanically said musical work, and royalties shall be due on the parts manufactured during any month upon the 20th of the next succeeding month. * * * It shall be the duty of the copyright owner, if he uses the musical composition himself for the manufacture of parts of instruments serving to reproduce mechanically the musical work, or licenses others to do so, to file notice thereof, accompanied by a recording fee, in the copyright office, and any failure to file such notice shall be a complete defense to any suit, action, or proceeding for any infringement of such copyright."

## 1. *Treble Damages.*

■ The propriety of supplementing a damage award because of a defendant's failure to file a notice of intention to use the copyrighted composition is a matter of judicial discretion. 17 U.S.C. § 101 (e). Though the principles governing the exercise of this discretion have not been clearly delineated by the few cases interpreting the provision, the Second Circuit has apparently taken the position that Section 101(e) is "punitive" in nature.[4] Shapiro, Bernstein & Co. v. Remington Records, Inc., 265 F.2d 263 (2 Cir. 1959). The court there condemned defendant's failure to file a notice of intention to use and to keep adequate records essential to an accurate determination of the amount of royalties due. It was said that a court "may presume the strongest case against him who, by his conscious, deliberate act has seemingly made accurate, direct proof of the true facts impossible." Id. at 273; see Famous Music Corp. v. Seeco Records, Inc., 201 F.Supp. 560, 569 (S.D.N.Y. 1961). See also Shapiro, Bernstein & Co. v. Goody, 248 F.2d 260, 266 (2 Cir. 1957).

The circumstances of this case disclose no efforts on the part of the defendant to frustrate an assessment of damages. Rather it has openly relied upon what it believed to be a "complete defense." Assuming that the defendant's obligation to file a notice of intention to use arose when the plaintiff filed its notice of use on November 26, 1957,[5] it does not follow that exemplary damages should be imposed for defendant's failure to file prior to the decision of the Court of Appeals.

■ If defendant had filed before the appeal was decided, the action could have been construed as a concession that it was "relying upon the compulsory license provisions" of the statute, 17 U.S.C. § 101 (e), and thus was obligated to pay the statutory royalty. So construed, this position obviously would have been directly opposed to defendant's "complete defense" argument which was urged on the appeal. Cf. Ricordi & Co. v. Columbia Graphophone Co., 263 F. 354 (2 Cir. 1920). Under the circumstances it seems to be the better part of discretion to refrain from penalizing the defendant for acting upon a not unreasonable interpretation of the law.[6] Cf. England v. Louisiana State Board, 375 U.S. 411, 422, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Though in the future a record manufacturer who appropriates a copyrighted work to his own use without adhering to the requirements of the notice provisions will be hard put to avoid the imposition of treble damages, see ABC Music Corp. v. Janov, 186 F.Supp. 443 (S.D.Cal.1960), in the case at bar the defendant should not be penalized for seeking clarification of an unsettled question of law.

■ However, after the rendition of the Court of Appeals decision on May 25, 1961, defendant persisted in its failure to file a notice of intention to use until October 25, 1962. There is no conceivable justification for this delay.[7]

---

4. This was so despite the statutory admonition that an award under Section 101(e) is to operate "by way of damages, and not as a penalty."

5. Apparently this was the assumption of the Court of Appeals. 290 F.2d at 620. The Copyright Office's Information Circular No. 5, "Notice of Use of Music on Mechanical Instruments," directs a manufacturer seeking to take advantage of the compulsory license provisions to file a notice of intention of use *"after a notice of use has been recorded by the copyright owner."* (Emphasis added.)

Similarly, the Section 101(e) requirement that the notice of use be served "upon the copyright proprietor at his last address disclosed by the records of the copyright office" evidently presupposes a prior filing of notice of use by the copyright proprietor.

6. Despite the reversal, the Court of Appeals characterized Judge Edelstein's opinion as "reasoned" in light of the fact that there was "no controlling precedent." 290 F.2d at 618, 620.

7. Certainly the defendant cannot vindicate its failure to file on the ground that the

Since the notice provisions are the "keystone" of the mandatory licensing scheme under the Copyright Law, Shapiro, Bernstein & Co. v. Remington Records, Inc., supra, 265 F.2d at 269, violations should be dealt with strictly. The proof adduced at the trial, however, does not indicate what damages occurred after the date of the Court of Appeals decision. Accordingly, in the exercise of my discretion to award a further sum not to exceed three times the $622.24 due as royalties, I set the damages at $1,244.48, twice the sum of the statutory figure.

## 2. Attorneys' Fees.

■ Like treble damages, counsel fees may be awarded in the discretion of the court where warranted by the circumstances of the case. 17 U.S.C. § 116. According to the Second Circuit, the "provision for attorney's fees * * * has been sparingly used and the amounts awarded modest." Orgel v. Clark Boardman Co., 301 F.2d 119, 122 (2 Cir.), cert. den., 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed. 2d 58 (1962). Perhaps one reason for this restrictive interpretation is that the counsel fees provision was designed "to penalize the losing party as [well as] to compensate the prevailing party." Rose v. Bourne, Inc., 176 F.Supp. 605 (S.D.N.Y.), aff'd, 279 F.2d 79 (2 Cir. 1959), cert. den., 364 U.S. 880, 81 S.Ct. 170, 5 L.Ed.2d 103 (1960); Barton Candy Corp. v. Tell Chocolate Novelties Corp., 178 F.Supp. 577, 584 (E.D.N.Y. 1959). The punitive aspect of § 116 was emphasized in the Report of the Register of Copyrights, General Revision of the United States Copyright Law 109 (1961):

"The discretionary power of the courts to require the losing party to pay 'a reasonable attorney's fee' is intended to discourage unfounded suits and frivolous defenses. The courts have generally denied awards of attorney's fees where the losing party had solid grounds for litigating his claim or defense. This discretionary power of the courts is generally regarded as salutary, and we concur in this view."

See Price, Monetary Remedies Under the United States Copyright Code, 27 Fordham L.Rev. 555, 577–578 (1959). A similar view was expressed by Ralph S. Brown in The Operation of the Damage Provisions of the Copyright Law: An Exploratory Study, Subcomm. on Patents, Trademarks, and Copyrights of the Senate Comm. on the Judiciary, 86th Cong., 2d Sess. 59, 85 (Copyright Law Revision Study No. 23, 1961), where it was said that courts "do not usually make an allowance at all if an unsuccessful plaintiff's claim was not 'synthetic, capricious or otherwise unreasonable' or if the losing defendant really raised an issue of law," quoting Cloth v. Hyman, 146 F.Supp. 185, 193 (S.D.N.Y.1956).

The cases reveal that a fee allowance is rarely made where there are unsettled issues of law and fact. See, e. g., Eisenschiml v. Fawcett Publications, Inc., 246 F.2d 598, 604 (7 Cir. 1957); Overman v. Loesser, 205 F.2d 521 (9 Cir. 1953); Official Aviation Guide Co. v. American Aviation Associates, 162 F.2d 541 (7 Cir. 1947); Marks v. Leo Feist, Inc., 8 F.2d 460 (2 Cir. 1925); Ziegelheim v. Flohr, 119 F.Supp. 324 (E.D.N.Y.1924). The case at bar certainly does not disclose a "highly technical argument" on the part of the defendant, Mailer v. RKO Teleradio Pictures, Inc., 332 F.2d 747, 749–750 (2 Cir. 1964), nor a "lack of substance" to its contention, Boucher v. Du Boyes, Inc., 253 F.2d 948, 950 (2 Cir. 1958) (per curiam); see Kitchens of Sara Lee, Inc. v. Nifty Foods Corp., 266 F.2d 541 (2 Cir. 1959), factors which in the past have influenced the Second Circuit to authorize an award of counsel fees. On the contrary, the question raised by the defendant was "without controlling precedent" and was adopted by

Copyright Office letter of November 20, 1956, did not disclose the plaintiff's address. The litigation between these parties spanned a period of several years, and from this I can readily infer that if the defendant were disposed to meet its statutory filing obligations, it could easily have contacted the plaintiff.

a Judge of this court in a "reasoned" opinion. 290 F.2d at 618, 620.

In short, by no stretch of the imagination was defendant's "claim * * so lacking in merit as to present no arguable question of law", nor was it designed to annoy, "vex or harass" the plaintiff. Cloth v. Hyman, supra, 146 F.Supp. at 185, 193. Accordingly, in the exercise of my discretion I shall deny counsel fees in this case.

An award of costs to the prevailing party is mandatory under the statute. Shapiro, Bernstein & Co. v. Goody, 248 F.2d 260, 266–267 (2 Cir. 1957); Cloth v. Hyman, supra; 17 U.S.C. § 116. Thus plaintiff is entitled to its statutory costs as fixed by the clerk of the court plus the statutory royalty award of $1,244.48. Judgment will be entered accordingly.

The foregoing constitutes my findings of fact and conclusions of law in this case. Rule 52(a), F.R.Civ.P.

It is so ordered.