257 F.Supp. 729 (1966)
Donald DAVIS, Plaintiff,
v.
E. I. DuPONT de NEMOURS & COMPANY, Batten, Barton, Durstine & Osborn, Inc., Columbia Broadcasting System, Inc., Talent Associates, Ltd., David Susskind, Jacqueline Babbin and Audrey Gellen, Defendants.
No. 60 Civ. 2198.
United States District Court S. D. New York.
September 2, 1966.
*730 O'Brien, Driscoll & Raftery, New York City, for plaintiff, Paul D. O'Brien and Milton M. Rosenbloom, New York City, of counsel.
Coudert Brothers, New York City, for defendants, Carleton G. Eldridge, Jr., and Eugene L. Girden, New York City, of counsel.
FEINBERG, Circuit Judge[*].
Plaintiff Donald Davis claimed that a 1960 nationwide telecast, participated in by defendants, infringed his copyrights in a dramatization of Edith Wharton's famous novel, "Ethan Frome." I decided the issue of liability in plaintiff's favor in Davis v. E. I. DuPont de Nemours & Co., 240 F.Supp. 612 (S.D.N.Y. 1965), and thereafter, upon submission of the issue of statutory damages on stipulated facts, awarded plaintiff $25,000, 249 F.Supp. 329 (S.D.N.Y.1966). Reference to both opinions should be made for a more complete understanding of the case. This opinion is the third in this litigation, and, it is hoped, the lastat least at the trial level. It concerns plaintiff's novel request for interest on the judgment from the date of the infringing telecast and his application for an award of a counsel fee of $75,000.
As to the former, plaintiff argues that infringement of copyright is a tort and that, therefore, he is entitled to pre-judgment interest as a matter of law. However, plaintiff's unstated premise that pre-judgment interest must be granted in all tort recoveries is too sweeping. It is true that there has been a slow development away from the common-law rule denying pre-judgment interest, but it is still awarded only in specified situations.[1] Significantly, plaintiff has been unable to cite a case involving violation of the Copyright Act in which pre-judgment interest was either granted, refused or even mentioned. Rights under the Copyright Act have, of course, been the subject of intense litigation for many decades. Although it is conceivable that an absolute right to pre-judgment interest can be read into the statutory recovery,[2] in the absence of any such precedent over so long a period, I would not feel justified in doing so. Assuming arguendo that such an award under the Copyright Act would be permissible as a matter of discretion[3]and even this is questionableI would not grant pre-judgment interest in this case. Plaintiff elected not to prove actual damages and profits, but to rely on the "statutory" or "in lieu of" provisions of 17 U.S.C. § 101(b). Thus, the amount awarded was based on more speculative considerations than if plaintiff had been put to his proof.[4] Moreover, as courts had seldom done, I exercised my discretion to fix the award at a figure above both the yardstick amounts and the usual $5,000 maximum set forth in the Act, see 249 F.Supp. at 346-349. Finally, as indicated below, I am awarding plaintiff a counsel fee, certainly *731 a discretionary matter. Therefore, I believe that the commendable aim of making plaintiff whole has largely been achieved. Pre-judgment interest will be denied.
As to counsel fees, section 116 of Title 17 U.S.C. provides that "the court may award to the prevailing party a reasonable attorney's fee as part of the costs." As a guide to the exercise of the trial court's discretion in awarding a fee, the Second Circuit has observed that "[s]ince such a provision for attorney's fees is at variance with the usual practice in litigation before our courts, * * * it has been sparingly used and the amounts awarded modest." Orgel v. Clark Boardman Co., 301 F.2d 119, 122 (2d Cir.), cert. denied, 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962) (reducing damages from $12,849.32 to $6,424.66 and plaintiff's counsel fee from $10,000 to $5,000). Defendants urge that, indeed, "a fee allowance is rarely made where there are unsettled issues of law and fact." Norbay Music, Inc. v. King Records, Inc., 249 F.Supp. 285, 289 (S. D.N.Y.1966) (fee denied). However, imposition of a counsel fee upon defendant in Norbay could well have been inequitable since plaintiff's own delinquency in filing proper notice under the Copyright Act excusably, if mistakenly, led defendant into the belief that it had a complete defense to suit. In fact, the district court initially accepted defendant's view, although its construction of the statutory provision was eventually reversed on appeal. Norbay Music, Inc. v. King Records, Inc., 290 F.2d 617 (2d Cir. 1961), reversing 185 F.Supp. 253 (S.D.N.Y.1960). In view of the significant reliance the present defendants place in their brief on the Norbay trial court's refusal on remand to grant an attorney's fee, it is interesting to observe that had that court instead assessed such a fee, it would probably have been upheld; in remanding, the court of appeals stated that the district court, in its discretion, might grant a reasonable attorney's fee. 290 F.2d at 620.
Examination of the cases denying counsel fees, relied on by the district court on the Norbay remand (249 F.Supp. at 289), is likewise significant. In each, save one,[5] the prevailing party was the defendant.[6] Similarly, the only copyright cases denying counsel fees collected in another comprehensive discussion of the matterCloth v. Hyman, 146 F.Supp. 185, 193 (S.D.N.Y.1956)both involve prevailing defendants.[7] This is not to say that successful defendants in copyright cases never receive counsel fees; in this circuit, such awards were made to defendants in, e.g., Mailer v. RKO Teleradio Pictures, Inc., 332 F.2d 747, 749-750 (2d Cir. 1964) ($5,000 fee); Rose v. Bourne, Inc., 279 F.2d 79, 81 (2d Cir.) (per curiam), cert. denied, 364 U.S. 880, 5 L.Ed.2d 103 (1960), affirming 176 F.Supp. 605 (S.D.N.Y.1959) *732 ($7,500 fee); Cloth v. Hyman, supra ($3,000 total fees); and Burnett v. Lambino, 206 F.Supp. 517 (S.D.N.Y.1962) ($4,800 total fees). On the other hand, the restrictive criteria of the line of cases denying an attorney's fee to a victorious defendant short of evidence of bad faith or frivolity on plaintiff's part apparently have not been applied as rigorously where plaintiff succeeds in proving infringement of his copyright, especially if the plagiarism was deliberate and with full knowledge of the notice of copyright. Nom Music, Inc. v. Kaslin, 227 F.Supp. 922, 928 (S.D.N.Y.1964), aff'd, 343 F.2d 198 (2d Cir. 1965); accord, B & B Auto Supply, Inc. v. Plesser, 205 F.Supp. 36, 41 (S.D.N.Y.1962); Boucher v. Du Boyes, Inc., 31 C.O. Bull. 54, 65 (S.D.N.Y.1957), aff'd per curiam, 253 F.2d 948 (2d Cir.), cert. denied, 357 U.S. 936, 78 S.Ct. 1384, 2 L.Ed.2d 1550 (1958) ($10,000 fee allowed for trial plus $500 for appeal); see Tempo Music, Inc. v. International Good Music, Inc., 143 U.S.P.Q. 67, 69 (W.D.Wash.1964) ($15,000 fee).
If the courts have indeed applied a more restrictive rule when defendants prevail than when plaintiffs succeed, a possible explanation may be that an award to a defendant is somewhat more "at variance with the usual practice in litigation before our courts * * *." See Orgel v. Clark Boardman Co., 301 F.2d at 122. One aim of our system of jurisprudence is to prevent costs from becoming so burdensome that litigants with what they believe to be meritorious claims are discouraged from bringing suit. See Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Awarding a counsel fee to a plaintiff against whom some injury has been done would seem less out of harmony with this policy than an award to a winning defendant. Be that as it may, I will decide this application not on the basis of whether the award is sought by a successful plaintiff, rather than a successful defendant, but upon other general principles found in the relevant decisions.
In the present case, the principal issue to all concerned was whether plaintiff's copyrights had been infringed by the teleplay. Defendants' contentions that the Davis copyrights were deficient were not central and for the most part were technical. The issue of infringement, not the validity of the copyrights, forced plaintiff to sue and formed defendants' main defense. Nor were defendants innocent tortfeasors. Abortive negotiations between plaintiff and Susskind on behalf of Talent, instructions by Talent officers to its employees Babbin and Gellen to delete Davis material from the teleplay, and written notice sufficiently in advance of the broadcast all demonstrate that defendants acted after deliberation and that at least Susskind and Talent recognized that in all likelihood Davis had valid copyrights in "Ethan Frome." These facts are sufficient to justify an award of counsel fees in light of the cases cited immediately above. Moreover, they resemble very closely the facts in the famous Letty Lynton case, in which Judge Learned Hand, speaking for the Second Circuit, sanctioned an attorney's fee award, Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49 (2d Cir.), cert. denied, 298 U.S. 669, 56 S.Ct. 835, 80 L.Ed. 1392 (1936), fixing it at $33,000 in a later proceeding, 106 F.2d 45, 55 (2d Cir. 1939), aff'd, 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825 (1940).[8]
Defendants argue that even if some attorney's fee is appropriate, an allocation should be made among defendants and among the issues. Most significant of defendants' contentions are: (1) No defendant should be liable for legal fees for work done on the damage phase of the case because of the novelty of the issues there raised and plaintiff's unreasonably high monetary demand, and (2) DuPont and BBDO should not be *733 required to contribute to any fee award since holding them to be joint infringers was a development in the law. Upon consideration and in the exercise of my discretion, I will apportion the fee allowed herein. See Rose v. Bourne, Inc., 176 F.Supp. at 612-613; cf. Burnett v. Lambino, supra. The trials on infringement and damages were separate, making it a simple matter to differentiate between them. Because the damage issues were unusual and extremely complex, and because plaintiff's formal demands were indeed astronomical,[9] I will deny counsel fees on the damage questions. At least one court has refused to award any attorney's fee because of an inflated claim for damages, see Advertisers Exchange, Inc. v. Hinkley, 199 F.2d 313, 316 (8th Cir. 1952), cert. denied, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710 (1953). Similarly, the question whether a sponsor and advertising agency are liable for the direct infringing acts of persons hired to produce a program was novel. Under the circumstances, counsel fees will be limited to the work done on infringement, excluding time spent on the issue of the liability of DuPont and BBDO, and DuPont and BBDO will not be liable for any portion thereof. As a matter of discretion, I will not require Babbin and Gellen to contribute any part of the counsel fee award, since their responsibility was subordinate to that of the other defendants.[10]
In fixing an attorney's fee, I have taken several factors into account. See Sheldon v. Metro-Goldwyn Pictures Corp., 106 F.2d 45, 55 (2d Cir. 1939), aff'd, 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825 (1940) (L. Hand, J.); Cloth v. Hyman, 146 F.Supp. 185, 193-194 (S.D.N.Y. 1956). Plaintiff's lawyers exhibited a high degree of skill. The amount of work they did during more than six years was considerable, occupying over 2,000 hours of partners' time,[11] primarily spent in preparing for and participating in a four-day trial on liability. They clearly established plaintiff's title to his dramatic version of "Ethan Frome," and demonstrated that the copyright law can successfully protect an author's rights in the television medium. Although the pecuniary award plaintiff received was not enormous, the magnitude of this litigation is perhaps better measured by the cost of the production to its sponsor, DuPont, which exceeded $375,000. Under all the circumstances, I fix the award of a counsel fee at $15,000 for counsel's efforts from the inception of the suit through the first trial on infringement, an amount I consider modest in terms of the time, skill, effort and significance of the litigation. In the event that a reviewing court should conclude that legal fees should be allowed on the damage issue as well, I assign an additional $2,000 fee to that phase of this law suit.[12]
Settle order on notice.
NOTES
[*] Sitting by designation.
[1] E. g., pre-judgment interest is now allowed by statute in New York on all unliquidated contract debts, N.Y.C.P.L.R. § 5001, and all claims for property damage, ibid; cf. Flamm v. Noble, 296 N.Y. 262, 72 N.E.2d 886, 171 A.L.R. 812 (1947). However, it is still not allowed as a matter of right in all personal injury actions, although the New York State Law Revision Commission recently recommended this change. See N.Y.Leg.Doc. (1966) No. 65(I).
[2] See Rodgers v. United States, 332 U.S. 371, 373-374, 68 S.Ct. 5, 92 L.Ed. 3 (1947).
[3] See Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 592-595 (2d Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962). See generally McCormick, Damages § 56 (1935).
[4] See Judge Learned Hand's opinion quoted in the report affirming his decision, Gross v. Van Dyk Gravure Co., 230 F. 412, 413 (2d Cir. 1916).
[5] In Ziegelheim v. Flohr, 119 F.Supp. 324 (E.D.N.Y.1954), the successful plaintiff was refused a counsel fee. But the court dismissed plaintiff's action against two additional defendants and noted that the practice of copying was common in the trade, that much of what defendant copied was in the public domain, and that defendant had acted with honest intentions.

Kitchens of Sara Lee, Inc. v. Nifty Foods Corp., 266 F.2d 541 (2d Cir. 1959), also cited in Norbay, denied counsel fees to both parties on appeal. However, on remand, final judgment was entered for plaintiff for $8,000 plus $6,500 attorneys' fees and $800 costs. See Civil No. 7292, W.D.N.Y., Jan. 29, 1960. The judgment was satisfied, not appealed, id., March 9, 1960.
[6] Eisenschiml v. Fawcett Publications, Inc., 246 F.2d 598, 604 (7th Cir.), cert. denied, 355 U.S. 907, 78 S.Ct. 334, 2 L. Ed.2d 262 (1957); Overman v. Loesser, 205 F.2d 521 (9th Cir.), cert. denied, 346 U.S. 910 (1953) (denying fee on appeal); Official Aviation Guide Co. v. American Aviation Associates, Inc., 162 F.2d 541 (7th Cir. 1947); Barton Candy Corp. v. Tell Chocolate Novelties Corp., 178 F.Supp. 577, 584 (E.D.N.Y.1959).
[7] Edward B. Marks Music Corp. v. Continental Record Co., 222 F.2d 488 (2d Cir.), cert. denied, 350 U.S. 861, 76 S.Ct. 101, 100 L.Ed. 764 (1955) (denying fee on appeal); Morse v. Fields, 127 F.Supp. 63, 69 (S.D.N.Y.1954).
[8] The $33,000 sum was allocated as follows: for preparation and trial, $10,000; for the first appeal, $5,000; for the hearings on damages before the master, $15,000; for the hearing on the exceptions, $3,000.
[9] In its papers on this motion, plaintiff's counsel argues that if one of its arguments had been accepted, damages "might have amounted to a million dollars."
[10] In the decision on damages, the liability of Babbin and Gellen was limited to the statutory maximum of $5,000, because they did not receive timely and sufficient written notice of claimed copyright infringement, 249 F.Supp. at 345.
[11] Compare Peter Pan Fabrics, Inc. v. Jobela Fabrics, Inc., 139 U.S.P.Q. 368, 372 (S.D.N.Y.1963). The district court awarded a counsel fee of $3,750, based in part on counsel's representation that he and his partner had spent over 150 hours on the case. Affidavit of Bernard A. Helfat, sworn to Aug. 22, 1962, ¶ 6, reprinted in Appellants' Appendix on Appeal, p. 55. The court of appeals approved the fee as within the district court's discretion, 329 F.2d 194, 197 (2d Cir. 1964), citing Orgel, supra, but remanded for reconsideration of the statutory damage issue.
[12] Since DuPont and BBDO were apprised of their responsibility for the infringement before the damage issue was presented, they too should be liable for such an attorney's fee, if one is eventually awarded.